Frederick B. LIDSTONE et al.

v.

Bonnie J. GREEN.

Supreme Judicial Court of Maine.

Argued Nov. 21, 1983.

Decided Dec. 30, 1983.

---

Waterhouse, Carroll & Cyr, Robert N. Cyr (orally), Biddeford, for Dr. Leong and Dr. Cabelin.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Louise Thomas (orally), Ralph I. Lancaster, Jr., Portland, for Dr. Lidstone and Dr. James.

Grover Alexander (orally), Gray, for defendant.

Before NICHOLS, ROBERTS, VIOLETTE and GLASSMAN, JJ., and DUFRESNE, A.R.J.

GLASSMAN, Justice.

The defendant, Bonnie J. Green, appeals from a summary judgment granted to the plaintiffs, Drs. Federick B. Lidstone, John A. James, K.C. Leong, and Miguelito Cabelin, by the Superior Court, Androscoggin County. We agree with the court's finding that there is no genuine issue as to any material fact, thereby entitling the plaintiffs to judgment as a matter of law. Accordingly, we affirm the judgment.

I.

In 1981, the plaintiffs herein, together with other physicians and a hospital, were sued by the defendant Bonnie J. Green for medical malpractice. After negotiation with the plaintiffs' medical malpractice insurer, the defendant agreed to settlement of her claims against the plaintiffs in consideration for a $94,000 payment to her. Attorneys for the plaintiffs drafted a "General Release and Indemnification Agreement" which Bonnie Green signed, with her attorney witnessing her signature. Subsequently, one of the defendants in the underlying medical malpractice action brought a cross-claim against the plaintiffs. The plaintiffs demanded, pursuant to the terms of the indemnification agreement, that Green indemnify them for attorneys' fees incurred in defending against this cross-claim. Green refused.

On March 16, 1982, the plaintiffs instituted this declaratory judgment action, seeking a declaration that the agreement obligated Green to indemnify them for attorneys' fees incurred for their defense against the crossclaim. Green, by a counterclaim, sought to have the agreement set aside on the grounds of fraud and mutual mistake.

The plaintiffs moved for summary judgment. Finding the agreement to be "very clear and unambiguous" in requiring Green to indemnify the plaintiffs and no evidence before the court or generated by the defendant's affidavit that the plaintiffs committed fraud, the court entered summary judgment for the plaintiffs and dismissed

Green's counterclaim,[1] deciding that "there does not appear to be any genuine factual issue still in dispute."

■ In considering the correctness of the grant of a motion for summary judgment, we view the evidence in the light most favorable to the party against whom the motion has been granted and accord that party the full benefit of all favorable inferences that may be drawn from the evidence. *Manganaro v. Delaval Separator Co.,* 309 F.2d 389, 391 (1st Cir.1962); *Akerley v. Lammi,* 217 A.2d 396, 397 (Me.1966); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.4 at 39 (2d ed. 1970). Applying this rule, we examine the record to determine whether it supports the Superior Court's conclusion that there was no genuine issue as to any material fact, and that the plaintiffs were entitled to a judgment as a matter of law.[2]

## II.

For the court's determination whether there was a factual issue of mutual mistake both the plaintiffs and the defendant relied solely upon the agreement.

The pertinent part of the "General Release and Indemnification Agreement" signed by Bonnie Green provides:

In return for the payment made to me, I also agree to HOLD HARMLESS AND TO INDEMNIFY the Releasees from any suits, claims, judgments, costs or expenses of any kind, including reasonable attorney's fees, which may be asserted against the Releasees by or on behalf of any person, firm, company, corporation or entity arising out of the subject matter of this General Release and Indemnification Agreement, including, without limitation, (1) any claims, demands or causes of action by any of the Defendants to any of the suits brought by the aforesaid Bonnie

J. Green and pending in the Androscoggin County Superior Court being docket numbers CV 81–148 and CV 81–162 against any of the Releasees by way of a cross-claim or third-party complaint for contribution or indemnity or separate from the Releasees, or any of them, by reason of the treatment of me, (2) any claims, demands or causes of action arising from any lien, subrogation interest, or claim of any doctor, hospital, or organization which provided medical services to me for the injuries I allege to have suffered, or any insurer or agency for payments made on my behalf . . . .

It is the intent of this General Release and Indemnification Agreement that the Releasees be fully and completely discharged from any further obligation arising directly or indirectly out of the treatment of the aforesaid Bonnie J. Green.

In her counterclaim, the defendant alleged that in signing the Agreement she had no intention to agree to indemnify the plaintiffs for attorneys' fees incurred for their defense against crossclaims, and the inclusion of the words "reasonable attorney's fees" was due to a "mistake and misunderstanding." The Superior Court justice, in determining that because of the clear meaning of the agreement there was no factual issue as to mutual mistake of the parties, stated:

The agreement itself, signed by Bonnie Green and her attorney, is very clear and unambiguous and requires Bonnie Green to indemnify the four physicians on whose behalf the $94,000 was paid to her from any judgment and from the costs, including attorney fees, of defending any claim brought against them by any defendant in the malpractice claims of Bonnie Green. Any misunderstanding of the agreement alleged on the part of Ms. Green or her attorney would result from

---

**1.** The dismissal of the defendant's counterclaim must be regarded as a judgment in favor of the plaintiffs. M.R.Civ.P. 12(b).

**2.** M.R.Civ.P. 56(c) provides in pertinent part: "Judgment shall be rendered forthwith if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

a unilateral mistake, not sufficient reason to set aside or void such an otherwise clear, unambiguous and valid agreement.

. . . .

. . . The interpretation of the agreement urged upon this Court by Plaintiffs is consistent with the plain language of the agreement signed by Defendant and her counsel.

Whether contract language is ambiguous is a question of law for the court. *Portland Valve, Inc. v. Rockwood Systems Corp.*, 460 A.2d 1383, 1387 (Me.1983). "Contract language is ambiguous when it is reasonably susceptible of different interpretations." *Id.* "[T]he interpretation of unambiguous language in a written contract falls within the province of the court . . . ." *Moulton Cavity & Mold, Inc. v. Lyn-Flex Industries, Inc.*, 396 A.2d 1024, 1029 (Me. 1979), citing *Blue Rock Industries v. Raymond International, Inc.*, 325 A.2d 66 (Me. 1974). In *Aroostook Valley Railroad Co. v. Bangor & Aroostook Railroad Co.*, 455 A.2d 431, 433 (Me.1983), we stated: "[U]nambiguous language in the contract must be given its plain and generally accepted meaning." We find no reasonable interpretation of the indemnification agreement other than that given by the Superior Court. We agree with that court's determination that this contract language is not ambiguous as to the right of the plaintiffs to be indemnified for their costs and expenses, including reasonable attorneys' fees, incurred in the defense of any crossclaim filed against the plaintiffs in Green's medical malpractice actions.[3]

### III.

The Superior Court also determined Green's allegation in her counterclaim that plaintiffs' counsel had fraudulently altered an original draft of the agreement to provide for her payment of plaintiffs' costs and attorneys' fees in defense of crossclaims did not give rise to a genuine issue of fact. Plaintiffs' attorneys stated in affidavits in support of their motion and in their depositions taken by the defendant that the written agreement signed by Bonnie Green was the only draft, proposal, or other writing that was delivered to her, her attorney, or any of her agents. The affidavit of defendant's attorney, in opposition to the motion for summary judgment, contains no statement to the contrary.[4] The court's order stated:

> From a review of the pleadings, depositions and affidavits, it would appear that there was some general talk of indemnification prior to settlement and that the agreement signed was the only agreement ever provided to Bonnie Green or to her attorney, and that there was no change of any agreement that Ms. Green's attorney had reviewed or seen.
>
> . . . .
>
> Defendant's counterclaim allegations of fraud and unlawful alteration of the agreement are not supported in the deposition testimony before this Court, or in any affidavit or other matter submitted by Defendant.

Because Green adduced no evidence tending to show the plaintiffs committed any fraud in the drafting of the agreement, we agree with the Superior Court that no factual dispute exists as to the defendant's allegation of fraud.

We are convinced the plaintiffs have sustained their burden of demonstrating there is no genuine issue of material fact. The evidence before the court conclusively precluded the defendant's recovery. The Superior Court properly concluded the plaintiffs were entitled to judgment as a matter of law.

The entry is:

Judgment affirmed.

All concurring.

---

**3.** We have no occasion to consider whether the *attorneys' fees* here in question are "reasonable."

**4.** In answer to the plaintiffs' request for admissions, Green admitted she had read, and her attorney had reviewed and read, the agreement prior to Green's execution of it.