**Edgar M. TRENNER**

v.

**Paul D. SLATER.**

Supreme Judicial Court of Maine.

Argued Jan. 7, 1985.

Decided Feb. 5, 1985.

Murray, Plumb & Murray by E. Stephen Murray (orally), Jane B. Hartwell, Portland, for plaintiff.

Marshall, Raymond, Dionne, Bonneau & Gosselin, P.A. by John W. Geismar (orally), Paul R. Gosselin, John B. Beliveau, Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The defendant, Paul D. Slater, appeals from a judgment of the Superior Court, Cumberland County, granting the plaintiff's motion for summary judgment, M.R. Civ.P. 56(c), for enforcement of a written agreement. We affirm the judgment.

In testing the propriety of a summary judgment, we accept as true the following uncontroverted facts properly appearing on the record. In 1978, the plaintiff sold Nored Corporation to Malcolm J. Itkin in consideration for Itkin's promissory note, secured by a real property mortgage and security agreement, payable to the plaintiff. In March 1979, the plaintiff and the defendant entered into the agreement that is involved in this litigation. It provided, *inter alia,* that the plaintiff would agree to extend the time for a payment due him under the terms of the note from Itkin and subordinate his mortgage on Nored's property to a mortgage in favor of Norway National Bank. The agreement further provided that: (1) should there be a default on payments due under the promissory note delivered by Itkin to the plaintiff or should there be any breach in any of certain other agreements relating to security for the promissory note and (2) should at the time of such default or breach Nored Corporation owe to Norway National Bank $80,000 or more under the promissory note from Nored to the bank, the defendant would pay to the plaintiff an amount equal to one-half the difference between $80,000

626 ◼ ▬▬▬▬▬▬▬▬▬▬▬▬

and the amount then due and owing by Nored to the Bank, together with costs of collection, including attorneys' fees. Itkin failed to make the July 1, 1982, payment to the plaintiff of the amount due under the terms of the promissory note. At that time Nored owed the Bank in excess of $80,000. Although the plaintiff then demanded that the defendant pay the sum due under the agreement, the defendant refused.

The plaintiff brought suit to enforce the agreement. Each party filed a motion for summary judgment. After hearing, the court entered a summary judgment for the plaintiff and against the defendant in the amount due under the agreement. On appeal, the defendant challenges the judgment on the ground that genuine issues of material fact remain unresolved. We do not agree.

M.R.Civ.P. 56(c) provides that on a motion for summary judgment, "Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." In considering the correctness of the grant of a motion for summary judgment, we view the evidence in the light most favorable to the party against whom the motion has been granted and accord that party the full benefit of all favorable inferences that may be drawn from the evidence. *Lidstone v. Green,* 469 A.2d 843, 845 (Me.1983). Our careful review of the record discloses that the Superior Court properly concluded there was no genuine issue as to any material fact, and that the plaintiff was entitled to a judgment as a matter of law.

The entry is:

Judgment affirmed.

All concurring.