**Jane THOMPSON et al.,**

**v.**

**STATE DEPARTMENT OF TRANSPORTATION.**

Supreme Judicial Court of Maine.

Argued Jan. 9, 1987.
Decided Feb. 20, 1987.

Anderson, Merrill & Relyea, Richard Relyea (orally), Peter A. Anderson, Bangor, for plaintiff.

John C. Hunt (orally), Dept. of Transportation, Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

McKUSICK, Chief Justice.

■ In her personal injury action arising out of an allegedly improperly performed highway repaving job, plaintiff Jane Thompson[1] appeals from the summary judgment entered by the Superior Court (Penobscot County) in favor of defendant State Department of Transportation (DOT). The Superior Court ruled that Thompson had failed to adduce any facts to support her contention that her claim against DOT fell within the exception provided by 14 M.R.S.A. § 8104(4) (1980) to the doctrine of governmental immunity. We agree.

On September 20, 1978, Thompson was injured and her automobile damaged when she lost control of the automobile and crashed on Route 6 near Springfield. Thompson alleged that her accident was the result of DOT's negligent failure to create an adequately graded road shoulder during its repair and repaving operations on that portion of Route 6. She sought to recover from DOT under 14 M.R.S.A. § 8104(4), which provides:

A governmental entity shall be liable for its negligent acts or omissions causing property damage [or] bodily injury ...

. . . .

4. Arising out of and occurring during the performance of ... repair operations on any highway....

In order to recover under section 8104, Thompson was required to demonstrate that *both* the negligent acts or omissions of DOT *and* her resulting property damage and bodily injury had "occur[red] during" DOT's repaving operations on Route 6. *See Rivard v. City of Lewiston,* 516 A.2d 555, 556 (Me.1986). The only issue on appeal is whether the Superior Court erred in finding that the affidavits, depositions, and answers to interrogatories before it raised no genuine issue of material fact concerning the question whether DOT was still conducting repair operations on Route 6 at the time Thompson suffered her injuries. Despite several years of discovery, Thompson failed to bring forth in affidavits or other sworn statements any evidence whatever to contradict DOT's factual showing in the sworn materials supporting its summary judgment motion that all repair operations on Route 6 had finally and completely ceased a week before Thompson's accident. After DOT had made that showing, the burden of "set[ting] forth specific facts showing that there is a genuine issue for trial" shifted to Thompson. *See* M.R.Civ.P. 56(e). Thompson failed to carry that burden, leaving the Superior Court no choice but to grant DOT summary judgment.

■ Contrary to Thompson's assertion, the affidavit of her engineering expert, Dr. Oppenlander, failed to create any issue of material fact concerning the question whether DOT's repair operations on Route 6 were still ongoing at the time of Thompson's injuries. Dr. Oppenlander's affidavit simply offered his conclusory opinion that no repaving job is "complete until the shoulder is graded appropriately,"

---

1. Jane Thompson's husband, Clarence, also sued for loss of consortium and for the damage to his car being driven by Jane at the time of the accident. He joins in her appeal. This opinion refers to both plaintiffs as Thompson.

which "means that the shoulder is configured in such a way that there is no noticeable difference in height between the pavement and the adjacent shoulder." That statement, which we will assume is correct as a matter of proper engineering standards, is simply irrelevant on DOT's motion for summary judgment. The determinative issue for purposes of 14 M.R.S.A. § 8104(4) is not whether DOT had satisfactorily performed the repaving job, but whether DOT had done all it was going to do, and all it was scheduled to do, in repaving that section of the highway where the accident occurred. Thompson entirely failed to counter DOT's factual showing that its repair operation on the relevant segment of Route 6 had permanently ended prior to Thompson's accident.

In these circumstances the Superior Court appropriately concluded that Thompson's action presented no genuine issue of material fact and that DOT was entitled to judgment as a matter of law. M.R.Civ.P. 56(c).

The entry is:

Summary judgment for defendant affirmed.

All concurring.