**Vaughn C. ESTES**

v.

**Horace E. SMITH, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 5, 1986.

Decided Feb. 24, 1987.

Palmer & Ames, Douglas J. Payne (orally), Richard C. Ames, Brunswick, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, John J. O'Leary, Elizabeth Butler (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

WATHEN, Justice.

The plaintiff, Vaughn C. Estes, appeals from summary judgment granted to the defendants, Horace E. Smith, Byron H. Lecates, Robert C. Russell and Duncan C. McArthur, who are the personal representatives of the estate of Virginia E. Chillingworth, by the Superior Court (Cumberland County). On appeal, plaintiff argues that the court erred in finding no genuine issue of material fact as to the existence of an oral contract to establish a testamentary trust. In addition plaintiff argues that the court erred in concluding that the action was barred by the Statute of Frauds. We find that no genuine issue of material fact existed with regard to the existence of an oral contract and affirm the summary judgment.

In his complaint, the plaintiff alleged that Mrs. Chillingworth promised to create a testamentary trust of which he would be the life beneficiary rather than make social security contributions for him, pay his withholding taxes or provide his health insurance. The plaintiff further alleged that in reliance on Mrs. Chillingworth's promises and representations he remained in her employ even though she was not providing him with employee benefits. Ultimately, Mrs. Chillingworth's last will created no trust at all for his benefit. Plaintiff's complaint sought the imposition of a constructive trust or, in the alternative, an award of money damages for breach of contract.

Defendants moved for summary judgment and submitted in support of their motion, the plaintiff's deposition, defendant Robert C. Russell's deposition, copies of two earlier wills, the affidavit of defendant Horace E. Smith, and certified copies of relevant probate records. In opposition to that motion the plaintiff submitted only his own affidavit. The Superior Court agreed with defendants that an oral contract to establish a testamentary trust did not exist and that any action was barred by the Statute of Frauds. The Superior Court added, *sua sponte*, that the alleged contract would also be against public policy. From this judgment plaintiff appeals.

■ On a motion for summary judgment, where the plaintiff has the burden of proof on an essential issue at trial, the defendant may succeed if it is clear that he would be entitled to a directed verdict at trial were the plaintiff to present nothing more than was before the court at the summary judgment hearing. 2 Field, McKusick and Wroth, *Maine Civil Practice* § 56.29 at 36–37 (2d ed. 1970). The plaintiff does not dispute that he has the burden of proving the existence of the oral contract beyond all reasonable doubt. *See Brickley v. Leonard*, 129 Me. 94, 97, 149 A. 833, 835 (1930). A careful examination of plaintiff's deposition and affidavit demonstrates that the court committed no error in

finding that there was no genuine issue of fact as to the existence of an oral contract and that defendants were entitled to judgment as a matter of law.

The facts before the Superior Court viewed in the light most favorable to the plaintiff, *see Lidstone v. Green*, 469 A.2d 843, 845 (Me.1983), are as follows: In 1974, the young plaintiff began caring for the elderly Mrs. Chillingworth when she fell and broke her shoulder. He had earlier completed six months of a two years nursing program. He was paid by her as an independent contractor and she did not withhold any income or social security taxes; it appears that the plaintiff did not expect her to, since he was then only working for her on a short-term basis.

From mid-December, 1974, to March, 1975, Mrs. Chillingworth asked the plaintiff to accompany her to her residence in Hawaii and manage the property. The plaintiff agreed and Mrs. Chillingworth provided him with plane tickets, room and board and paid him $300 a month. The plaintiff's responsibilities included nursing care of Mrs. Chillingworth, shopping, cooking and maintaining the grounds. The plaintiff asked Mrs. Chillingworth if she would pay his health insurance, social security and unemployment taxes. Mrs. Chillingworth discussed this possible arrangement with her accountant and then refused the plaintiff's request. She continued to treat him as an independent contractor.

From June to December, 1975, the plaintiff returned to Maine and provided nursing services, maintenance, cooking, painting and shopping services for Mrs. Chillingworth for $800 a month. Again the plaintiff requested to be treated as an employee rather than an independent contractor so that Mrs. Chillingworth would pay withholding taxes. Again Mrs. Chillingworth and her accountant refused his request.

In February, 1975, problems arose between Mrs. Chillingworth and the plaintiff, and he left her employ. However, in June, 1975, the plaintiff returned to work for Mrs. Chillingworth for $1,500 a month plus room and board. The plaintiff's salary was increased because Mrs. Chillingworth's accountant advised her that it was better to increase his salary than to pay his withholding taxes.

The plaintiff continuously worked for Mrs. Chillingworth until February, 1982, and was employed by her periodically until 1984. She increased his salary to $2,000 a month in 1980 and to $2,500 a month in 1983. Each year the subject of withholding taxes was discussed, and each year, on the advice of her accountant, Mrs. Chillingworth refused to change the plaintiff's employment status.

From June, 1975 until February, 1982, the plaintiff paid his own social security taxes, income taxes and health benefits. From 1974 to 1984 the plaintiff reported all receipts from Mrs. Chillingworth as income from self-employment.

In January, 1984, the plaintiff herniated two discs in his back lifting Mrs. Chillingworth from the bed. After January 1984, the plaintiff occasionally worked and spent time with Mrs. Chillingworth without compensation.

Mrs. Chillingworth first discussed establishing a testamentary trust for the plaintiff in 1981. On March 12, 1984, Mrs. Chillingworth executed a will in which she established a testamentary trust. Her accountant explained to the plaintiff that he was named in a trust that would benefit him during his lifetime and at his death the corpus would go to the plaintiff's daughter, Marianne. Mrs. Chillingworth explained that she felt Marianne had suffered from her father's absence while he was in Mrs. Chillingworth's employ. She told the plaintiff that this trust would take care of him and his daughter and was better than social security. Mrs. Chillingworth never gave him any written statement relative to the trust.

Later, in 1984, Mrs. Chillingworth instructed her attorney to delete from her will the provision for a testamentary trust. She explained that the plaintiff had refused to perform certain services, exhibited a disregard for her health and was drinking too much. After Mrs. Chillingworth died on October 7, 1984, the plaintiff learned she had omitted the testamentary trust from a

new will that she executed on June 21, 1984.

■ A contract to devise property, as with any other contract, requires an offer, acceptance and consideration. *See Fahringer v. Estate of Strine*, 420 Pa. 48, 216 A.2d 82, 85 (1966). The plaintiff's affidavit and deposition establish nothing more than a naked promise made by Mrs. Chillingworth. There is no genuine issue of fact concerning the existence of an offer to establish a trust for the plaintiff's benefit as a *quid pro quo* for his continued nursing services or for his forebearance from insisting on compliance with tax withholding arrangements. Moreover, there is no genuine issue of fact concerning the existence of an acceptance or consideration. The plaintiff suggests in his affidavit that Mrs. Chillingworth's promise was motivated by a desire to have him continue in her employ, but there is no suggestion that such an exchange was the basis of any bargain.

Since we affirm the summary judgment on the grounds that an oral contract did not exist, it is unnecessary for us to address the other issues.[1]

The entry is:

Judgment affirmed.

All concurring.

---

1. We do note, however, that the trial court should not have introduced, *sua sponte*, the issue of illegality of the contract when illegality had not been pleaded as an affirmative defense as was required of the defendants by M.R.Civ.P. 8(c).