John M. GUBELLINI

v.

Donald W. WILSON et al.

Supreme Judicial Court of Maine.

Argued May 2, 1988.

Decided June 1, 1988.

James B. Smith, Smith & O'Toole, Biddeford, for plaintiff.

Robert F. Hanson, Paul F. Driscoll (orally), Norman, Hanson & Detroy, Harold J. Friedman, Elizabeth L. Lovejoy (orally), Friedman & Babcock, Portland, for defendants.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

The plaintiff, John Gubellini, appeals from a summary judgment[1] of the Superior Court, Cumberland County, on the motions of dismissal entered by the defendants, Donald W. Wilson, Southern Maine Neurological Associates, P.A., Mercy Hospital and William F. D'Angelo. Gubellini contends that the trial court erred in holding that the notice of claim filed by the plaintiff with the clerk of the Superior Court did not toll the applicable statute of limitations. We affirm the judgment.

The following facts are uncontroverted: The alleged malpractice of the defendants occurred on July 18, 1985. The plaintiff filed a document entitled "Claim of Professional Negligence" with the clerk of the Superior Court on July 17, 1987. No complaint has been filed or served by the plaintiff.[2] Mercy Hospital was served with a notice of the claim on July 21, 1987, and the remaining defendants were served on July 22, 1987.

By their motions, the defendants asserted that the plaintiff had failed to comply with the provisions of sections 2853 and 2903 of the Maine Health Security Act (Act), 24 M.R.S.A. §§ 2501–2961 (Supp. 1987), and that the claim was barred by the two-year statute of limitations. After hearing, the trial court granted the defendants' motions, and the plaintiff appeals.

To support his contention of error by the trial court, the plaintiff argues that by filing a claim with the clerk of the Superior Court on July 17, 1987, the plaintiff had substantially complied with provisions of the Act and thus tolled the two-year statute of limitations. We disagree.

In considering the correctness of the grant of a motion for summary judgment, we examine the record to determine whether it supports the trial court's conclusion

---

1. Although entitled a motion to dismiss, the court considered the affidavits and stipulation of facts filed by the parties. *See* M.R.Civ.P. 12(b).

2. The defendants' motions to dismiss recited that they were made pursuant to 24 M.R.S.A. § 2853(5) (Supp.1987) (parties may request certain preliminary legal affirmative defenses or issues be litigated prior to submission of case to the panel). The motions were heard and disposed of by the trial court without objection by the plaintiff. We intimate no opinion as to this procedure.

that there are no genuine issues as to any material fact and that the defendants were entitled to a judgment as a matter of law. *Lidstone v. Green,* 469 A.2d 843, 845 (Me. 1983). Medical malpractice actions must be commenced within two years after the cause of action accrues. 14 M.R.S.A. § 753 (1980); 24 M.R.S.A. § 2902. Section 2903(1)(A) of the Act provides, "No action for professional negligence may be commenced until the plaintiff has ... [s]erved written notice of the claim ... upon the person accused of professional negligence." Section 2853(1) provides, "Any person serving a notice of claim of professional negligence pursuant to section 2903 shall also serve a copy upon the clerk of the Superior Court in the judicial region where a complaint based on the claim would be filed....'" Section 2859 provides, in pertinent part:

> The applicable statute of limitations concerning actions for professional negligence shall be tolled from the date upon which notice of claim is served until 30 days following the day upon which the claimant receives notice of the findings of the panel ... or 175 days after service of the notice of claim pursuant to section 2903, whichever first occurs.

On this record it is clear that there are no genuine issues as to any material fact and that under the provisions of the applicable law to toll the statute of limitations the plaintiff is required to serve the notice of claim "on the person accused of professional negligence." Accordingly, filing a copy of the claim of professional negligence with the clerk of the Superior Court, Cumberland County, did not cause the two-year statute of limitations to be tolled. The trial court properly found that the plaintiff's claim was barred by the two-year statute of limitations and properly entered a judgment for the defendants.

The entry is: Judgment affirmed.

All concurring.