Abigail BLACK

v.

Carol R. WARD, M.D.

Supreme Judicial Court of Maine.

Argued Sept. 9, 1988.

Decided Oct. 21, 1988.

M. Roberts Hunt (orally), James M. Bowie, Hunt, Thompson & Bowie, Portland, for plaintiff.

Ernest J. Babcock (orally), Elizabeth L. Lovejoy, Friedman & Babcock, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

CLIFFORD, Justice.

Plaintiff, Abigail Black, appeals from a summary judgment entered in the Superior Court, (Cumberland County; *Perkins, J.*), in favor of defendant, Dr. Carol R. Ward, a physician. Because the Superior Court incorrectly concluded that plaintiff's medical malpractice complaint was barred by the statute of limitations, we vacate the judgment.

Black's complaint alleged that in 1983, Dr. Ward, an obstetrician and gynecologist, misdiagnosed a lesion on Black's nose, failed to request a consultation by a properly qualified physician, and failed to treat the lesion properly or to advise Black of appropriate treatment. Black further alleged that the lesion was correctly diagnosed as cancerous by another physician in June of 1985, and that as a result of Dr. Ward's negligent diagnosis and improper treatment, she suffered severe and permanent injury.

Black filed her medical malpractice complaint [1] against Dr. Ward on June 19, 1987, within two years from the time she alleged she discovered Dr. Ward's negligence, but over four years after the date of Dr. Ward's alleged negligence.

Dr. Ward moved for summary judgment on the basis of plaintiff's complaint being barred by 14 M.R.S.A. § 753 (1980), the two year statute of limitations applying to medical malpractice actions. Section 753 provides in pertinent part that

Actions for ... malpractice of physicians ... shall be commenced within 2 years after the cause of action accrues.

The motion was granted and summary judgment entered by the Superior Court in favor of Dr. Ward,[2] and this appeal followed.

In granting summary judgment in favor of Dr. Ward, the Superior Court relied on the general rule in this state that a cause

---

1. Black's complaint included an additional count alleging that Dr. Ward fraudulently concealed a cause of action. *See* 14 M.R.S.A. § 859 (Supp.1985). Black has not pursued that count and it is no longer before the court.

2. Dr. Ward contends on appeal that the summary judgment entered by the Superior Court was not based exclusively on the statute of limitations, but went to the underlying merits of the claim as well. The statute of limitations was the only basis cited in the motion for summary judgment, and the record before us does not support Dr. Ward's contention.

of action accrues at the time of the wrongful action causing the injury. *Chiapetta v. Clark Assocs.*, 521 A.2d 697, 699 (Me.1987). An exception to the general rule was applied in a medical malpractice case involving a foreign object negligently left in a patient's body. *Myrick v. James*, 444 A.2d 987, 996 (Me.1982). In *Myrick*, we held that because the patient in a foreign object case was blamelessly ignorant of her condition caused by the negligence of her physician, her cause of action against that physician for malpractice did not accrue, for purposes of determining the commencement of the statute of limitations period, until the negligent act of the physician was discovered, or upon the exercise of reasonable diligence, should have been discovered by the patient. *Id.*

Subsequent to the time the Superior Court ruled on Dr. Ward's motion, we applied the discovery rule of accrual of a cause of action first announced in *Myrick* to a case involving negligent diagnosis or failure to communicate a diagnosis to the patient. *Bolton v. Caine*, 541 A.2d 924, 926 (Me.1988).

Although Black's complaint makes an allegation of negligent failure to diagnose, Dr. Ward contends that the discovery rule should not be applied to this case because of the absence of tangible physical evidence, such as an x-ray, present in *Bolton*. However, in *Bolton*, we declined to make the application of the discovery rule "solely dependent on the type of evidence that may be produced at trial." 541 A.2d at 926. Instead, we considered the confidential relationship existing between a patient and her physician, leading to reliance on the physician by the patient, and concluded that the resulting blameless ignorance on the part of the patient as to the cause of her condition compelled the application of the discovery rule to the negligent diagnosis or failure to communicate a diagnosis case. *Bolton*, 541 A.2d at 925–26. Black's complaint in this case makes similar allegations that she was prevented from knowing the true nature of her disease and we see no reason not to apply the discovery rule.

Dr. Ward further contends that we should not ignore the legislative intent expressed in 24 M.R.S.A. § 2902 (Supp.1987) enacted as P.L.1985, ch. 804, §§ 13, 22, establishing a three year statute of limitations for all medical malpractice cases and limiting the discovery accrual rule to surgical foreign object cases. However, as we noted in *Bolton*, section 2902, as amended, applies only to medical malpractice actions filed, or for which notices of claim are filed under section 2903, on or after August 1, 1988. *Bolton*, 541 A.2d at 926 n. 3. Since this action was filed in 1987, section 2902, as amended, does not apply.

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.