**Thomas L. FORBES, et al.**

v.

**OSTEOPATHIC HOSPITAL OF MAINE, INC.**

Supreme Judicial Court of Maine.

Argued Sept. 9, 1988.
Decided Dec. 19, 1988.

———

David J. Corson (orally), Yarmouth, for plaintiffs.

Christopher D. Nyhan, Geoffrey K. Cummings (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

GLASSMAN, Justice.

The plaintiffs Thomas Forbes and his wife Melanie Forbes appeal from a summary judgment entered in favor of the defendant, Osteopathic Hospital of Maine, Inc., by the Superior Court (Cumberland County, *Brodrick, J.*). The plaintiffs argue that because the record discloses a genuine issue of a material fact the trial court erred in granting the hospital's motion for a summary judgment. We agree and vacate the judgment.

The record reflects the following: By their original complaint against the hospital, the plaintiffs sought damages for the alleged negligent treatment of Thomas Forbes by two physicians, while acting as agents of the hospital. In its answer, the hospital denied that any agency relationship existed between the two physicians and the hospital.[1] The plaintiffs and the two physicians entered into a settlement agreement resulting in the plaintiffs' release of the two physicians from further prosecution by the plaintiffs. The hospital moved for a summary judgment on the ground that the plaintiffs' claim against the hospital had been based solely on allegations of negligence of the two physicians alleged to have occurred while the physicians were acting as agents of the hospital, and thus the release of the two physicians barred any further action against the hospital. The parties stipulated the motion could be decided on the pleadings. The trial court stated that it "assume[d] the allegations of the plaintiffs' complaint to be true for purposes of the motion for summary judgment" and granted the hospital's motion "unless the plaintiffs move to amend the complaint to allege independent

———

1. In its answer to the plaintiffs' interrogatories, dated September 21, 1987, the hospital also stated that the "physicians who were treating Mr. Forbes are not hospital employees."

acts of negligence on the part of the [hospital] within 30 days."

By their timely amended complaint, the plaintiffs sought damages from the hospital by reason of its alleged negligent diagnosis and treatment of a puncture injury to Thomas Forbes's foot. In its answer, the hospital, *inter alia*, denied any negligence on its part. The trial court in its pretrial order set December 1, 1987 as the general discovery deadline with the hospital having until December 31, 1987 to depose any expert designated by the plaintiffs. On December 7, 1987, the hospital moved for a summary judgment against the plaintiffs as a matter of law on the ground of plaintiffs' failure to "identify an expert medical witness on liability and causation issues," and also on the ground that a summary judgment against the plaintiffs was an appropriate sanction under M.R.Civ. 37(b)(2) for their failure to identify any such expert witnesses. Although the parties filed memoranda of law, at no time did either party file any affidavits in support of or in opposition to the motion. After a hearing, the trial court granted the hospital's motion, and the plaintiffs appeal.

The only issue raised by the plaintiffs is whether on the record before it the Superior Court erred in finding that there was no genuine issue of material fact as to whether, absent expert medical testimony, the plaintiffs could sustain their burden of proof at trial. The plaintiffs concede their failure to designate an expert medical liability witness, but contend that the Superior Court erred in granting the defendant's motion for summary judgment because the allegations in the pleadings raise a genuine issue of material fact as to whether expert medical testimony is required. We have previously noted that ordinarily a plaintiff can discharge his burden of proof for a claim of negligent medical care only by expert medical testimony establishing the appropriate standard of medical care, that the defendant departed from the standard, and that the negligent conduct proximately caused the plaintiff's injury. *Hamor v. Maine Coast Memorial Hosp.*, 483 A.2d 718, 722 (Me.1984); *Cox v. Dela Cruz*, 406 A.2d 620, 622 (Me.1979). We also recognized, however, that "'where the negligence and harmful results are sufficiently obvious as to lie within common knowledge,'" expert medical testimony is unnecessary. *Cox v. Dela Cruz*, 406 A.2d at 622 (quoting *Cyr v. Giesen*, 150 Me. 248, 252, 108 A.2d 316, 318 (1954)); *see also Hamor v. Maine Coast Memorial Hosp.*, 483 A.2d at 722.

In reviewing a grant of a motion for summary judgment, we view "the evidence in the light most favorable to the party against whom the motion has been granted and accord that party the full benefit of all favorable inferences that may be drawn from the evidence." *Lidstone v. Green*, 469 A.2d 843, 845 (Me.1983). We examine "the record to determine whether it supports the Superior Court's conclusion that there was no genuine issue as to any material fact, and that the [defendant was] entitled to a judgment as a matter of law." *Id.*

Rule 56(e) of the Maine Rules of Civil Procedure states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of that party's pleading; but must respond by affidavits or as otherwise provided in this rule, setting forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The hospital did not support the conclusory assertion set forth in its motion for summary judgment with any affidavits, depositions, admissions on file, or answers to interrogatories to demonstrate that proof of the defendant's alleged negligent medical care requires expert medical testimony. M.R.Civ.P. 56(c). The plaintiffs therefore may rest on the allegations in their pleadings, and were not required to respond by affidavits or otherwise, setting forth specific facts to demonstrate a genuine issue of material fact as to whether the allegations of the hospital's negligence and the harmful results are sufficiently obvious

as to be within common knowledge. *See* M.R.Civ.P. 56(e); *Thompson v. State Dep't of Transportation,* 521 A.2d 293, 294 (Me. 1987). By filing an unsupported motion for summary judgment, the hospital in effect asserts that the plaintiffs' complaint demonstrates on its face the absence of any genuine issue of a material fact. Nothing in the pleadings before us, however, forecloses the plaintiffs from establishing that the negligence of the hospital and its harmful results to the plaintiffs are "sufficiently obvious as to lie within common knowledge." *Cf. Rubin v. Josephson,* 478 A.2d 665, 669 n. 4 (Me.1984) ("[A] complaint is sufficient unless it appears to a certainty the plaintiff is entitled to no relief under any set of facts he might prove in support of his claim."); *Jones v. Billings,* 289 A.2d 39, 40 (Me.1972). Accordingly, that genuine issue of a material fact prevents the hospital on the present record from entitlement to a summary judgment. *See* M.R. Civ.P. 56(c); *Magno v. Town of Freeport,* 486 A.2d 137, 141 (Me.1985).

Because the trial court did not rest its decision on this ground, we do not address the defendant's alternative argument that the judgment can be affirmed as an appropriate sanction under M.R.Civ.P. 37(b)(2). *See Pelletier v. Pathiraja,* 519 A.2d 187, 190 (Me.1986) (court's discretion to impose ultimate sanction of dismissal limited to "serious instances of noncompliance with pretrial procedures").

The entry is: Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

ROBERTS, WATHEN and CLIFFORD, JJ., concur.

HORNBY, Justice, with whom McKUSICK, Chief Justice, joins, dissenting.

The only issue for trial after the amendment of the pleadings was medical malpractice: whether the hospital caused injury to Thomas Forbes through negligent diagnosis and treatment, independently of the actions of the two physicians who treated him. As the Court recognizes, "a plaintiff can ordinarily discharge his burden of proof in medical malpractice suits only by expert medical testimony establishing (1) the appropriate standard of medical care, (2) that the defendant departed from the standard, and (3) that the negligent conduct proximately caused the plaintiff's injury." A defendant may "move with or without supporting affidavits for a summary judgment." M.R.Civ.P. 56(b). When the plaintiffs failed to generate an expert witness in support of the malpractice claim, it was thus reasonable and proper for the defendant hospital to move for summary judgment, without filing an affidavit, based upon this failure and the pleadings. Since its motion was premised upon the allegations of the amended complaint and since the deadline for naming an expert had passed, there could be no "genuine issue of material fact."

It is true that there is "an exception to the general rule" requiring an expert witness in medical malpractice cases. The exception occurs only "where the negligent and harmful results are sufficiently obvious as to lie within common knowledge." It is ordinarily up to the proponent of an exception, however, to demonstrate that he qualifies for the exception, and Rule 56(e) provides that when a motion for summary judgment is "made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of that party's pleading, but must respond by affidavits or as otherwise provided in this rule, setting forth specific facts showing that there is a genuine issue for trial." M.R.Civ.P. 56(e). The role of summary judgment practice is to smoke out a genuine issue. Here the plaintiffs responded to the hospital's motion for summary judgment with absolutely nothing. Since there was nothing on the record to suggest that the appropriate standard of medical care, the hospital's alleged departure from it, and proximate cause were all so obvious as to eliminate the need for expert testimony,[1]

1. The amended complaint alleges that Thomas Forbes injured his foot by stepping on a rusty nail while cleaning his barn containing calves with a bacterial disorder. The standard for

I believe the Superior Court was entirely correct in granting the motion for summary judgment. As the United States Supreme Court recognized in *Celotex v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265, 274–75 (1986) and as this Court recognized in *Estes v. Smith*, 521 A.2d 682, 683 (Me.1987), summary judgment practice does not alter the burden of proof. In the absence of expert testimony, these plaintiffs will not be able to meet their burden at trial unless they are able to demonstrate affirmatively that they fall within an exception to the expert requirement, a demonstration they have given no hint of being able to make.[2] Commentators have observed that

> [w]here the plaintiff will have the burden of proof on an essential issue at trial, the defendant may successfully move for a summary judgment when it is clear that he would be entitled to a directed verdict at trial if the plaintiff presented nothing more than was before the court at the hearing on the motion. Plaintiff has the

opportunity to adduce evidence by deposition, affidavit, and the like, which will justify submission of his claim to a jury. He cannot hold back his evidence until the time of trial and escape summary judgment by the mere assertion that he will or may then produce further evidence. Here is no battle of affidavits and no weighing of credibility, which would of course be improper in a summary judgment motion. The plaintiff's claim fails simply for lack of proof.

2 Field, McKusick and Wroth, *Maine Civil Practice* § 56.2a at 36–37 (1970) (footnote omitted). Indeed, the Superior Court observed after hearing argument on this motion that the plaintiffs had not "identified anyone in particular at the hospital, other than the treating doctors, who did anything wrong. Nor has the plaintiff identified any negligent procedure that the hospital followed in supervising the treating doctors or in doing anything else." It is a waste of

proper treatment of such an injury is not "sufficiently obvious as to lie within common knowledge." According to the amended complaint, the course of treatment of Forbes' foot involved emergency room treatment, antibiotics, several days of inpatient care and x-rays, and took place over a period of several weeks. On the face of it, then, this case is not like others that have found expert testimony unnecessary and that we have characterized as "egregious mistreatment where the malpractice is sufficiently apparent as to lie within the understanding of laymen." *Cox v. Dela Cruz*, 406 A.2d 620, 622 n. 1 (Me.1979). *See, e.g., Laws v. Harter*, 534 S.W. 2d 449, 450–51 (Ky.1975) (surgical sponge left in patient); *Malone v. Bianchi*, 318 Mass. 179, 181–82, 61 N.E.2d 1, 2 (1945) (dentist extracting tooth dropped fragment which became lodged in patient's bronchus); *Lanier v. Trammell*, 207 Ark. 372, 377–78, 180 S.W.2d 818, 820–821 (1944) (failure to wash hands and sterilize instruments before eye operation); *Evans v. Roberts*, 172 Iowa 653, 660, 154 N.W. 923, 925–26 (1915) (physician cut off portion of child's tongue).

2. In his brief on appeal (his argument to the trial court was similar) the plaintiffs make clear their theory of the case:

> Here, appellant Thomas Forbes suffered a single nail puncture wound to the foot. Following four weeks of unsuccessful treatment by appellee, during which Mr. Forbes had continuous pain and swelling, Mr. Forbes was diagnosed for the first time by a second hospi-

tal as having an infection in his foot, for which he then received successful treatment including the surgery to remove rust and fabric discussed *supra*. Rather than "a vague set of facts [from which no jury could] be expected to infer negligence" (see Superior Court opinion in record), this is precisely the type of straightforward fact pattern for which the exception to the expert medical witness rule was crafted. *E.g., Patten v. Milam*, 480 A.2d 774 (Me.1984).

In *Patten*, however, there was *expert* testimony that the standard of care required a physician to wash with an antiseptic solution, put on sterile gloves, scrub the wound and instruct the patient in caring for an injured toe. The court held only that the plaintiff did not need expert testimony to support a finding of deviation from this standard of care where there was lay testimony that the doctor failed to wash his hands, use sterile gloves, scrub the wound or instruct the patient on the proper care of her toe. *Id.* at 778. Here, the mere fact that subsequent hospital treatment removed rust and fabric from the wound would not permit a lay jury, without expert testimony, to determine the appropriate standard of care for the defendant hospital in operating its emergency room and inpatient facility, prescribing drugs and reading x-rays; nor to infer that the presence of the rust and fabric caused the symptoms of which Forbes complained. The trial court was entitled to rule, as a matter of law on the motion for summary judgment, that expert testimony was required; this is not a factual dispute.

judicial resources, therefore, to vacate the Superior Court order and send this case back for trial only to have the Superior Court enter a directed verdict for the defendant at the close of the plaintiffs' case. We should encourage firm trial court action to put cases like this quickly to rest and save judicial and client resources.

I therefore dissent.

