**Abigail J. BLACK,**

v.

**Carol R. WARD.**

Supreme Judicial Court of Maine.

Argued June 14, 1993.

Decided Nov. 10, 1993.

James M. Bowie (orally), Thompson & Bowie, Portland, for plaintiff.

Ernest J. Babcock (orally), Michelle A. Landmann, Friedman & Babcock, Portland, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

DANA, Justice.

This case arises from a medical malpractice claim brought by the plaintiff Abigail Black. Black's complaint alleged that the defendant, Carol Ward, an obstetrician and gynecologist, misdiagnosed a lesion on plaintiff's nose, that the lesion was subsequently diagnosed as cancerous by another physician, and that, as a result of defendant's negligent diagnosis and improper treatment, she suffered severe and permanent impairment and scarring. Following a jury trial, the Superior Court (Cumberland County, *Wernick, A.R.J.*) entered a judgment on behalf of defendant. Plaintiff argues that the court (*Brodrick, J.*) abused its discretion in concluding that she was precluded from calling expert witnesses to testify about the standard of care owed by defendant, and that the court (*Alexander, J.*) abused its discretion in denying her motion to compel a reply to interrogatories. Finding no merit in either of plaintiff's arguments, we affirm the judgment.

In August 1987, the court issued a pretrial scheduling order which declared that "discovery shall be completed by August 26, 1988" and that the "parties must designate expert witnesses sufficiently early within the discovery period so as to allow other parties time to take discovery and to designate expert witnesses of their own."

On December 4, 1987, defendant filed a motion for a summary judgment claiming that Black's complaint was barred by the two year statute of limitations applying to medical malpractice actions, which motion was granted by the court. On Black's appeal we held that the court incorrectly concluded that the complaint was barred and remanded the case to the Superior Court for further proceedings. *Black v. Ward,* 549 A.2d 371, 372 (Me.1988).

Following our remand of the case in November 1988, plaintiff took no further action until November 5, 1990 when she served interrogatories on defendant. Defendant objected to the interrogatories on November 19, 1990, arguing that the discovery deadline had expired on August 26, 1988. She also filed a motion to dismiss pursuant to M.R.Civ.P. 41(b)(2) for nonprosecution and, in the alternative, moved for a summary judgment on the ground that Black would be unable to prove her case without an expert on the standard of care. The Superior Court denied defendant's motion for a dismissal based on the fact that Black had propounded interrogatories within the two year period provided by M.R.Civ.P. 41(b)(2). The court also denied a summary judgment on the basis that it was open to the plaintiff to attempt to establish negligence without reliance on expert testimony, citing our decision in *Forbes v. Osteopathic Hospital of Maine,* 552 A.2d 16 (Me.1988). In denying the defendant's motions, the court made clear that the period for discovery had ended and, thus, plaintiff could not call any standard of care experts at trial. In a separate decision, the court also denied Black's motion to compel Ward to answer interrogatories. On the eve of the trial, the court granted defendant's motion *in limine* to exclude expert testimo-

ny. Following a two-day trial, the jury returned a verdict in favor of defendant. A judgment was entered against plaintiff together with interest and costs.

■■■ We review pretrial rulings of the trial court for an abuse of discretion or error of law. *Reeves v. Travelers Ins. Co.*, 421 A.2d 47, 50 (Me.1980). "An appellate court will not lightly overrule a trial court's judgmental choice of an appropriate sanction. . . ." *Id.* On the record before us, the decisions to exclude expert testimony and to refuse to compel defendant to reply to plaintiff's interrogatories do not represent abuses of discretion. The pretrial scheduling order in this case required that discovery be completed by August 26, 1988, and required the parties to designate expert witnesses sufficiently early within the discovery period to allow the other side time to take discovery and to designate expert witnesses of their own. Plaintiff failed to designate an expert witness prior to the entry of summary judgment against her. She now argues that because her appeal was pending in the Law Court, the time period set in the discovery order had no effect. However, even after the case was remanded to the trial court in November 1988, she did nothing to prosecute her action for a period of almost two years. Although the discovery deadlines contained in the pretrial scheduling order were effectively suspended when Black first appealed to this Court and were not automatically reinstated when the case was remanded, the Superior Court retained the inherent power to limit further discovery in a case that had been pending for three and a half years and been dormant for 23 months. Prior to the hearing on defendant's second motion for a summary judgment in February 1991, plaintiff again failed to designate any expert, arguing instead that she was not bound by the prior discovery order. It was not until the pretrial conference on the eve of trial that plaintiff first made known to defendant the name of her proposed standard of care expert. In these circumstances, the court's decisions to exclude plaintiff's expert witnesses and to refuse to compel a reply to interrogatories do not constitute abuses of discretion.

The entry is:

Judgment affirmed.

All concurring.