# United States Court of Appeals
## For the First Circuit

No. 02-1232

ALTERNATIVE ENERGY, INC.,
BEAVER-CADILLAC, GP, INC.,
BEAVER PLANT OPERATIONS, INC.,
CHRISTOPHER HUTCHINS,

Plaintiffs, Appellees,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U. S. District Judge]

Before

Boudin, Chief Circuit Judge,
John R. Gibson,[*] Senior Circuit Judge,
and Torruella, Circuit Judge.

Jeffrey J. Ward, with whom Richard A. Simpson, and Ross, Dixon
& Bell, L.L.P. were on brief, for appellant.
Joanne I. Simonelli, with whom Jeffrey Bennett, The Bennett
Law Firm, P.A., Daniel G. Lilley, Esq., and Daniel G. Lilley Law
Offices, P.A., were on brief, for appellees.

November 22, 2002

---

[*]Hon. John R. Gibson, of the Eighth Circuit, sitting by
designation.

**JOHN R. GIBSON, <u>Senior Circuit Judge</u>.** St. Paul Fire and Marine Insurance Company appeals from a district court order denying its claim for the attorneys' fees it incurred in defending the original action brought by Alternative Energy, Inc., Beaver-Cadillac, G.P., Inc., Beaver Plant Operations, Inc., and Christopher Hutchins.[1] The district court rejected St. Paul's motion under 28 U.S.C. § 2202 (2000) for further relief, relying upon the language of the indemnification clause in the 1998 Settlement Agreement. St. Paul argues that the district court misinterpreted the indemnification clause, but even accepting the district court's interpretation, St. Paul would be entitled to the award of attorneys' fees and costs. We affirm the judgment of the district court.

This action began as a legal malpractice claim filed by Alternative Energy, Inc. in Maine state court against attorneys Peter Murray and John Lightbody and the law firm of Murray, Plumb & Murray, P.A. Alternative Energy, Inc. ultimately entered into two settlements: one with the defendants and the law firm's professional liability carrier, St. Paul, and one with Zurich-American Insurance Company, which insured Murray after he left the firm and began his own practice. After the settlement agreements were executed, Alternative Energy, Inc. filed an amended complaint

---

[1]We will refer to plaintiffs-appellees collectively as Alternative Energy, Inc.

for declaratory judgment against St. Paul.  St. Paul removed the action to federal court and filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) based on the settlement agreement.  The district court granted the motion and we affirmed.  See Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30 (1st Cir. 2001).

The procedural history of this case through its dismissal by the district court is recited in our earlier opinion.  Because most of it is not relevant to this appeal, we do not repeat it here.  After the mandate issued, St. Paul filed a motion in the district court under 28 U.S.C. § 2202 to recover attorneys' fees it incurred in defending the post-settlement amended complaint.  The district court denied the motion.  The only issue in this appeal is whether the district court correctly declined to award St. Paul the attorneys' fees it requested as further relief under § 2202.

St. Paul points to the 1998 Settlement Agreement with Alternative Energy, Inc. and asserts that the district court misinterpreted its provisions.  "[Q]uestions about the meaning of contractual provisions are questions of law, and we review the district court's answers to them de novo."  U.S. Liab. Ins. Co. v. Selman, 70 F.3d 684, 687 (1st Cir. 1995).

St. Paul's claim relies upon the following provision in the 1998 Settlement agreement:

> The Releasors [Alternative Energy Group, Inc., et. al.]
> further agree to hold the Releasees [St. Paul and its

insured] harmless from, and to defend and indemnify the Releasees against, any claims or actions of any kind for contribution and/or indemnification <u>by any other person</u> or organization on account of the judgment or settlement of any claim asserted by or on behalf of any person as a result of the damages allegedly sustained by the Releasors, or any of them, arising out of the Cadillac Project. (Parentheticals and emphasis added.)

The determinative phrase in this paragraph states that Alternative Energy, Inc. agrees to defend and indemnify St. Paul against claims or actions brought by "<u>any other person</u>." St. Paul argues that a claim brought by Alternative Energy Inc. is an action by "any other person." Webster's New Collegiate Dictionary defines "other" as "being the one or ones distinct from that or those first mentioned or implied." <u>Webster's New Collegiate Dictionary</u> 835 (9th ed. 1986).[2] The district court interpreted "other" in the context of the paragraph as meaning someone other than the two previously mentioned groups: releasors [Alternative Energy, Inc., et. al.] and releasees [St. Paul and its insured]. We agree with this interpretation. The district court correctly determined that this "defend and indemnify" provision does not cover claims brought by Alternative Energy, Inc.[3]

---

[2] <u>See also</u> <u>Black's Law Dictionary</u> 1101 (6th ed. 1990) ("other" is defined as "[d]ifferent or distinct from that already mentioned; additional, or further.").

[3]St. Paul also argues that it should be awarded attorneys' fees because Alternative Energy, Inc. asserted a claim on behalf of Attorney Peter Murray, a non-releasor. Under the language of the contract, even if a claim was asserted "on behalf of any person," it still had to be brought by "any other person." And as stated above, an action brought by Alternative Energy, Inc. is not an

The district court contrasted the cited provision with a later provision of the Settlement Agreement, which allows for attorneys' fees in the event of a breach of the non-disclosure agreement.

> Since freedom from costs of future litigation represents an important item of consideration bargained for by the parties to the settlement reflected in this General Release and Indemnity Agreement, the Releasors agree that if any of the Releasees sues and wins a judgment against any of the Releasors for breach of the non-disclosure agreement set forth in the preceding paragraph, then the damages recoverable for such breach shall include the reasonable attorneys' fees and costs incurred in that lawsuit.

As the district court explained, the parties could have added a provision that attorneys' fees would be recoverable in any lawsuit to enforce the terms of the settlement agreement, rather than limiting it to the non-disclosure agreement, but no such language appears.

When a contract is unambiguous, the interpretation of such contract is left to the court to construe the unambiguous language in accordance with its plain and generally accepted meaning. Lidstone v. Green, 469 A.2d 843, 846 (Me. 1983). The district court correctly determined that the settlement agreement did not require Alternative Energy, Inc. to indemnify St. Paul for the attorneys' fees it spent defending the declaratory judgment action. Accordingly, we affirm.

---

action brought by "any other person."