**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 05-1065

JANE DOE,

Plaintiff, Appellant,

v.

SOLVAY PHARMACEUTICALS, INC.,

Defendant, Appellee.

ON APPEAL FROM A JUDGMENT OF

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock Jr., U.S. District Judge]

Before

Selya, Lynch, and Lipez, Circuit Judges.

Jane Doe on brief pro se.
Robert H. Stier, Jr., on brief for appellee.

October 28, 2005

**Per Curiam**.  After a thorough review of the record and of the parties' submissions, we summarily affirm the judgment below.

The lower court did not err in its handling of the discovery disputes between the parties.  The district court has broad discretion to control pre-trial discovery, and this court "review[s] the district court's denial of discovery for abuse of its considerable discretion." Ayala-Gerena v. Bristol Myers-Squibb Co., 95, F.3d 86, 91 (1st Cir. 1996) (citations omitted).  "'We will intervene in such matters only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party.'"  Id. (quoting Mack v. Great Atlantic & Pacific Tea Co., 871 F.2d 179, 186 (1st Cir. 1989)).  This deferential standard "recogniz[es] that an appeals court simply cannot manage the intricate process of discovery from a distance."  Brandt v. Wand Partners, 242 F.3d 6, 18 (1st Cir. 2001).

On one side of the discovery dispute here, the magistrate judge faced a pro se plaintiff, Jane Doe, who charged that the defendant, Solvay Pharmaceuticals, Inc., was withholding documents.[1]  On the other side, the magistrate judge faced a defendant who claimed to have disclosed all responsive documents and who voluntarily made all remaining documents available for Doe's review.  By holding a series of discovery conferences, the

---

[1]Jane Doe is a pseudonym.

magistrate judge made several concerted attempts to clarify Doe's requests and to obtain from Solvay some assurances that the documents Doe wanted were in its possession and would be made available to Doe. The court twice gave Doe an extension of time within which to complete discovery, and it made a room and a computer at the courthouse available for Doe's convenience in reviewing documents *in camera*. Solvay seems to have exhibited some good faith, by making many of the confidential documents available to Doe at a convenient location and at its own expense. When that proved to be insufficient, Solvay offered Doe free rein to peruse the entire collection of documents relevant to Luvox (the drug in question) at Solvay's headquarters, pursuant to Fed. R. Civ. P. 33(d).

Doe suggests that Solvay was acting in bad faith, hoping she would be so overwhelmed not only with the task of reviewing so many documents but also with the trouble and expense of traveling to Solvay's headquarters in Georgia that she would forgo the exercise altogether. But from a practical standpoint, we do not know what other reasonable steps the magistrate judge could have taken at that point. As the magistrate judge told Doe at the final discovery conference, at some point she needed to bring discovery to a close. The deadline already had been extended twice, and the court had tried other, less burdensome approaches for getting Doe the documents that allegedly were in Solvay's possession.

The crux of the matter is that Solvay said it already had provided everything Doe requested. Doe disagreed and said that Solvay was not telling the truth. The only way for Doe to establish that she was right, at that juncture, was to go to Georgia and find the missing documents herself. We see no abuse of discretion in the magistrate judge's decision to resolve the discovery dispute in that manner.

We also discern no error in the court's decision allowing summary judgment in Solvay's favor. Many of Doe's arguments are premised on the assumption that Solvay engaged in misconduct during discovery and that, accordingly, (i) evidence supporting its summary judgment motion should have been excluded pursuant to Fed. R. Civ. P. 37(c)(1), or (ii) Doe should have been excused for failing to produce evidence establishing that the facts were in controversy. The difficulty with these arguments is that Doe never established that Solvay engaged in discovery misconduct.

Doe also claims that disposition of the summary judgment motion should have been delayed pursuant to Fed. R. Civ. P. 56(f). As we already have determined, however, the court did not err either in its handling of the discovery disputes or in closing discovery when it did. In all events, the requirements for the invocation of Rule 56(f) were not met. See, e.g., <u>Velez v. Awning Windows, Inc.</u>, 375 F.3d 35, 40 (1st Cir. 2004); <u>Resolution Trust Corp v. North Bridge Assocs.</u>, 22 F.3d 1198, 1203 (1st Cir. 1994).

To the extent Doe argues that any of her claims did not need to be supported by expert testimony, she is mistaken. Maine law requires that, with respect to subjects that are highly technical or specialized, expert testimony must be presented unless the question is "sufficiently obvious as to lie within [the] common knowledge" of the ordinary layperson. Forbes v. Osteopathic Hosp. of Me., Inc., 552 A.2d 16, 17 (Me. 1988) (medical malpractice case; expert testimony required unless "negligence and harmful results are sufficiently obvious as to lie within common knowledge") (citation and internal quotation marks omitted). The issues presented in this case were not "sufficiently obvious as to lie with the common knowledge of the ordinary layperson."

We also reject Doe's contention that the court should not have applied the learned intermediary rule to her defective warning claim. This court already has decided that Maine courts would adopt that rule. See Violette v. Smith & Nephew Dyonics, 62 F.3d 8, 13 (1st Cir. 1995) (noting that "the general rule regarding medical devices (and, more frequently and by analogy, prescription drugs) is that the manufacturer must warn the physician – the so-called 'learned intermediary' – and not the patient directly").

We need go no further. We have reviewed the remaining arguments in Doe's brief and find them to be either unsupported by the record, entirely without merit, or forfeited.

Affirmed. See 1st Cir. R. 27(c).

-5-