**Leatrice BAILEY**

v.

**Phil GULLIVER et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 13, 1990.

Decided Dec. 12, 1990.

Dennis L. Jones, Clark & Jones, Gardiner, for plaintiff.

Theodore H. Irwin, Jr., Friedman & Babcock, Portland, for defendants.

Before McKUSICK, C.J., and GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The plaintiff, Leatrice Bailey, appeals from a summary judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) for the defendants, Pyrofax Gas Corporation, a distributor of propane gas, and Frederick Pushard, d/b/a Fred's Cash Market, a retailer of propane gas, on her complaint against them for damages for her injuries resulting from the explosion of propane gas in her motor home.[1] She contends that because the record reveals a genuine issue of material fact as to the proximate cause of the explosion, the trial court erred in granting the defendants' motion for summary judgment. We affirm the judgment.

The undisputed facts of the case are that Leatrice and Charles Bailey purchased a motor home equipped with appliances requiring liquid propane gas for their operation. Charles Bailey removed a tank containing liquid propane gas, purchased from Fred's Cash Market and supplied by Pyrofax Gas Corporation, from his previously owned trailer and installed it on the motor home. The liquid propane gas contained the appropriate malodorant. There was a disconnected gas line located near the hot water tank in the motor home that allowed the propane gas when turned on to invade the interior of the motor home. The first use of the gas cook stove in the motor home was followed immediately by an explosion inflicting injuries to the plaintiff. The plaintiff did not detect any odor of gas prior to the explosion. Neither defendant was aware of or responsible for the disconnected gas line.

The plaintiff contends that the trial court erred in granting the defendants' motion for a summary judgment. She argues that the defendants' alleged failure to warn her of the specific dangerous quality of liquid propane gas to collect at the lowest level to which it has access (in this case at floor level of the motor home) where it may accumulate without detection until it reaches a level of any open flame (the flame from the cook stove) and ignites, raised a genuine issue of material fact as to the proximate cause of the explosion that should be submitted to a jury as the fact finder. We disagree.

The law is well settled that a party moving for summary judgment has the burden of establishing there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. M.R. Civ.P. 56(c). But when, as in the instant case, the plaintiff will have the burden of proof on an essential issue at trial and it is clear that the defendant would be entitled to a directed verdict at trial if the plaintiff presented nothing more than was before the court at the hearing on the motion, the court may properly grant a defendant's motion for a summary judgment. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.2a, at 36, 37 (2d ed. 1970). In the instant case, the record discloses that the liquid propane gas was not defective in any way, that the gas had entered the motor home by means of the disconnected gas line, and that the plaintiff, although familiar with the odor of escaping propane gas, had no indication of the gas leak prior to the explosion. The trial court properly determined that if all the plaintiff's evidence were believed by the jury it would not support a finding that the defendants' failure to warn her of the claimed specific dangerous qualities of liquid propane gas was a proximate cause of the explosion, and accordingly, the defendants were entitled to a summary judgment as a matter of law.

The entry is:

Judgment affirmed.

All concurring.

---

1. The claims against the other three defendants joined in the complaint for the alleged negligent sale and inspection of the motor home were later settled and a final judgment was entered in this matter.