Ernst W. GERBER

v.

Thomas P. PETERS, II, et al.

Supreme Judicial Court of Maine.

Argued Oct. 29, 1990.
Decided Dec. 14, 1990.

Dana E. Prescott (orally), Roderick H. Potter, Potter & Prescott, Saco, for plaintiff.

Theodore H. Kirchner (orally), Norman, Hanson & DeTroy, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

GLASSMAN, Justice.

The plaintiff, Ernst W. Gerber, challenges the summary judgment granted to the defendants, Thomas P. Peters, II, and the law firm of Peters & Randlett, by the Superior Court (Androscoggin County, *Alexander, J.*). He contends that the record discloses genuine issues of material fact as to the defendants' liability in damages for the conduct of Peters while acting as the court appointed guardian ad litem for Gerber's minor child. We find no error in the record and affirm the judgment.

The undisputed historical facts leading to the present action are as follows: On March 30, 1984, a judgment of divorce was entered in the Superior Court (Oxford County, *Delahanty, J.*) providing, *inter alia*, that Ernst and Becky Gerber have joint custody of their three minor children, that Becky have the primary physical custody of the children during the school year and that the children live with Ernst during their summer vacations. The judgment further provided that when their minor son Eduard reached 13 years of age his primary physical custody would be with Ernst. In response to a motion filed by Ernst and consented to by both parties through their respective counsel, on January 5, 1989, the court appointed Peters as guardian ad litem of Eduard. The order provided that Peters's duties were "to evaluate the parties, their children, and any other appropriate individuals and to provide a report and recommendations to the Court as to an appropriate disposition of the parental rights and responsibilities regarding Eduard Gerber. The responsibility for payment of his fees shall be divided equally between the parties." After an investigation, on July 31, 1989, Peters filed his initial report with the court recommending that Ernst be given immediate primary physical custody of Eduard. Although this recommendation was not immediately incorporated into a court order,[1] Ernst took Eduard with him to his home in Nevada. In early November 1989, Peters presented to the court his affidavit in which he recommended that Eduard return to Maine with Becky, who was visiting in Nevada, and detailed the reasons for his recommendation. On November 2, 1989, the court issued its order, "pending further hearing," that Becky have sole parental rights and responsibilities regarding Eduard, that the primary physical residence of Eduard be with Becky in Maine, and that the child "shall return from Nevada accompanied by his mother when she completes her visit in November, 1989." The order further stated that the "Court finds based on [the] affidavit of [the] guardian ad litem that there is sufficient cause to act immediately, without notice, to be in [the] best interest of child."[2] Eduard returned to Maine with Becky.

In January 1990, Ernst Gerber filed the present action against Thomas P. Peters II, an attorney, and the law firm of Peters & Randlett. By his complaint, Gerber sought damages from the named defendants for Peters's alleged intentional and malicious interference with Gerber's parental rights, intentional and negligent infliction of emo-

---

1. After a hearing on March 15, 1990, the court issued a *nunc pro tunc* order incorporating the July 1989 recommendations of Peters and providing that Eduard's primary residence be with Ernst.

2. On January 24, 1990, we denied Ernst Gerber's motion to vacate the Superior Court's order dated November 2, 1989, and granted the motion of Becky Gerber to dismiss his appeal from that interlocutory order.

tional distress, professional malpractice, and violation of Gerber's rights under the Maine Civil Rights Act, 5 M.R.S.A. §§ 4681–4683 (Supp.1990).[3] The defendants filed a motion to dismiss the complaint on the ground that Peters owed no legally cognizable duty to Gerber and, in the alternative, that Peters was entitled to immunity for actions taken in his capacity as a guardian ad litem of Eduard. The court, pursuant to M.R.Civ.P. 12, treated the defendants' motion as a motion for a summary judgment and after a hearing granted a summary judgment to the defendants from which Gerber appeals.

In testing the propriety of a summary judgment, we accept as true the uncontroverted facts properly appearing in the record. Field, McKusick & Wroth, *Maine Civil Practice* § 56.4 at 357 (2d ed. Supp. 1981). The invocation of a summary judgment procedure is not a submission of issues of fact to the court for resolution but a request to the court for a determination whether any genuine issue of a material fact exists. *Wescott v. Allstate Ins.*, 397 A.2d 156, 163 (Me.1979). However, in a case when "the plaintiff will have the burden of proof on an essential issue at trial and it is clear that the defendant would be entitled to a directed verdict at trial if the plaintiff presented nothing more than was before the court at the hearing on the motion, the court may properly grant a defendant's motion for a summary judgment." *Bailey v. Gulliver*, 583 A.2d 699 (Me.1990); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.2a, at 36 (2d ed. 1970).

 We have previously recognized the authority of the court in a divorce proceeding to appoint a guardian ad litem for a minor child, when the court determines the child's best interest requires separate representation, and to allocate certain duties to that person. *See Cyr v. Cyr*, 432 A.2d 793, 798 (Me.1981). Either party to the proceeding may object to the appoint-

ment of a guardian ad litem and may thereafter petition the court for the removal of the guardian or the termination of the guardianship. An attorney-client relationship between the appointed guardian ad litem and a parent is not created by the court's appointment or by a provision that the parents be responsible for the payment of the guardian's fees. In a divorce action the court has the sole and continuing authority to determine parental rights and responsibilities with respect to a minor child of the parties, *see* 19 M.R.S.A. § 752 (1981 & Supp.1990), and is invested with broad discretion in making this determination. *Huff v. Huff*, 444 A.2d 396, 398 (Me. 1982). The duty of a court appointed guardian ad litem of a minor child in a divorce case is to the court, and the scope of that duty lies within the parameters of the order of appointment.

 Gerber alleges a number of improprieties by Peters for which he seeks to recover money damages. He makes no claim that the information contained in Peters's November 1989 recommendation to the court was false or malicious, or that the recommendation was not in the best interest of Eduard. There is nothing in this record that establishes that Peters owed any duty to Gerber or that an attorney-client relationship existed between them. Accordingly, Gerber's claims based on Peters's alleged negligence and professional malpractice must fail. The allegation that Peters intentionally and maliciously interfered with Gerber's parental custody rights to Eduard is premised on his claim that he was "legally entitled to the child's custody" at the time Eduard returned to Maine with Becky. Clearly, the legal entitlement to Eduard's custody had already been determined by the court, and Eduard's return to Maine with Becky was pursuant to the court's order. Nor is there any evidence in the record to support the bare allegation in Gerber's complaint that Peters violated

**3.** The Civil Rights Act provides that any person whose exercise or enjoyment of rights secured by the Constitution or laws of the United States or of Maine has been intentionally interfered with or attempted to be interfered with by

threat, intimidation or coercion may institute a civil action for legal or equitable relief and the court, in its discretion, may allow the prevailing party reasonable attorney fees and costs. *See* 5 M.R.S.A. §§ 4682, 4683.

**608**

Gerber's rights under the Maine Civil Rights Act by intentionally interfering or intentionally attempting to interfere by "threat, intimidation or coercion" with the exercise of any constitutional or statutory rights by Gerber. *See* 5 M.R.S.A. § 4681 (Supp.1990). Finally, there is nothing in this record, even when viewed in the light most favorable to Gerber, that supports his claim for intentional infliction of emotional distress. The evidence creates no genuine issue that Peters's conduct was so extreme and outrageous as to exceed " 'all possible bounds of decency' and must be regarded as 'atrocious, and utterly intolerable in a civilized community.' " *Staples v. Bangor Hydro–Electric Co.*, 561 A.2d 499, 501 (Me. 1989) (quoting *Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148, 154 (Me.1979)). By applying the principles of our standard of review to test the propriety of a summary judgment, we conclude that the trial court properly determined on the record before it that there was no genuine issue of material fact as to any of Gerber's claims and that the defendants were entitled to a summary judgment as a matter of law.

The entry is:

Judgment affirmed.

All concurring.