### CASCO NORTHERN BANK, N.A.

v.

### Robert C. PEARL and Cathryn M. Pearl.

Supreme Judicial Court of Maine.

Argued Nov. 15, 1990.

Decided Dec. 28, 1990.

---

William Kayatta (orally), Jennie L. Clegg, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for plaintiff.

Graydon C. Stevens (orally), Kelly, Remmel & Zimmerman, Portland, for defendants.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The defendants, Robert C. Pearl and Cathryn M. Pearl, appeal from the summary judgment entered by the Superior Court (Cumberland County, *Alexander, J.*) for the plaintiff, Casco Northern Bank, N.A. (the Bank), in its action to foreclose, pursuant to 14 M.R.S.A. §§ 6321–6325 (1980 & Supp.1990), on several mortgages it held on property owned by the Pearls. The Pearls contend that the court erred in granting the Bank's motion for a summary judgment because genuine issues of material fact remained on the Pearls' affirmative defense that the Bank had breached its fiduciary duty as trustee of Robert Pearl's trust account. Finding no error, we affirm the judgment.

The facts of this case are undisputed: the Bank served as the trustee, custodian, and investment manager of a trust account with assets of approximately $1.4 million, of which Robert Pearl was the sole beneficiary.[1] In November 1987, the Bank made two separate loans to the Pearls totaling $550,000, and took mortgages on the Pearls' residence and other property to secure these loans.[2] In January 1989, Robert asked the Bank to extend further credit in the amount of $2 million, and the Bank agreed on the condition that, as partial security for the new loans, Robert execute an agreement pledging the trust assets as collateral for all existing and future indebtedness. Robert signed this agreement. Three months later, the Bank agreed to extend Robert another $150,000 and Pearl executed a reaffirmation agreement, which expressly provided that "[t]o the extent of any inconsistency between the rights of the Bank under and pursuant to the Pledge Agreement, and the rights and duties of the Bank under and pursuant to the [trust] Agreement, the Debtor acknowledges and agrees that the rights of the Bank under the Pledge Agreement shall take precedence and supercede [sic]." Robert used the major part of these loans to invest in his own investment company. In December 1989, after Robert's business failed and the Pearls defaulted on the loan payments, the Bank instituted the current action for a foreclosure and sale on the four mortgages. In their answer to the Bank's complaint, the Pearls asserted as an affirmative defense that "Plaintiff's claim is

---

1. Any agreement between Pearl and the Bank *relating to the opening* of this account with the Bank was not included in the record before us.

2. The second mortgage, the only one to which Cathryn Pearl was a party, was paid in full after commencement of the foreclosure action.

barred in that it has by its conduct waived any defaults by Defendants." The Bank filed a motion for a summary judgment on its claim. In an affidavit in opposition to the motion, Robert asserted that the Bank had breached its duty of reasonable care by failing to advise him of the degree of risk involved in the investment in his own business and its duty of loyalty by convincing him to use the trust assets as collateral for the loans, and that the Bank should be charged with any loss resulting from that breach. The Bank did not file any affidavits in response. After a hearing, the trial court entered a summary judgment for the Bank from which the Pearls appeal.

■ The Pearls contend that the trial court erred in granting the Bank's motion for a summary judgment because Robert's affidavit in opposition to the motion generated factual issues regarding the Bank's alleged breach of its fiduciary duty of reasonable care and its duty of loyalty. We will affirm a summary judgment if the record discloses that there is no genuine issue of material fact and that any party is entitled to a judgment as a matter of law. M.R.Civ.P. 56(c); *see Saltonstall v. Cummings*, 538 A.2d 289, 290 (Me.1988). It is proper to grant a summary judgment where the plaintiff has the burden of proof on an essential issue and it is apparent that the defendant would be entitled to a directed verdict if the plaintiff presented no more evidence than he generated at the motion hearing. *See Bailey v. Gulliver*, 583 A.2d 699 (Me.1990); *Estes v. Smith*, 521 A.2d 682, 683 (Me.1987); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.2a, at 36 (2d ed. 1970).

■ First, the Pearls argue that a genuine issue of material fact remained on the issue of whether the Bank had breached its fiduciary duty of reasonable care by failing to investigate Robert's business and advise him of the investment risk involved. The record discloses that the Pearls failed to generate a factual dispute on the essential element of causation. The Pearls relied on the historical fact that Robert's business enterprise failed at some time *after* he signed the pledge agreements, but they

produced no evidence that the business was a bad credit risk at the time he pledged the trust assets. Absent this evidence, there is nothing in the record to suggest that the Bank would have discovered any risk had it investigated Pearl's company at that time, and therefore no evidence that the Bank's failure to investigate was the proximate cause of the Pearls' loss. *See Hines v. Ayotte*, 135 Me. 103, 108, 189 A. 835, 838 (1937) (breach of trustee's duty of reasonable diligence not established where plaintiff-beneficiary failed to produce evidence that the bank in which the trust funds were deposited was not a safe investment at the time of deposit by trustee.)

■ Second, the Pearls contend that the Bank breached its fiduciary duty of loyalty by engaging in self-dealing when it convinced Robert to sign the pledge agreement to further the Bank's own commercial interests. It is well established that a trustee must meet a stringent standard before he may engage in any transaction that involves the trust assets and that inures to the trustee's own benefit. *See 2 Scott on Trusts* § 170, at 1298 (1967). We have held, however, that a beneficiary will be estopped from challenging the propriety of the transaction when the beneficiary is competent, acts with full knowledge of the material facts and of the effect on his rights, is not induced by the trustee's misrepresentations or coercion, and voluntarily consents to the transaction. *See In re Marble*, 136 Me. 52, 56–57, 1 A.2d 355, 357–58 (1938) (trustee did not breach duty by accepting compensation from trust assets for her services on behalf of plaintiff-beneficiary's child where plaintiff voluntarily agreed to such an arrangement).

The Pearls have not raised any factual issue regarding Robert's competence or his ability to understand the legal effect of the terms contained in the pledge agreement. The Bank produced written instruments signed by Pearl, consisting of the pledge agreement and the reaffirmation agreement, that clearly outline the material facts of the transaction and the consequences attending Robert's signature, including the risk of foreclosure. The Pearls do not con-

tend that the Bank made any false or misleading representations regarding the terms of these written instruments in order to obtain Robert's written consent. Because he was free to reject the terms at any time, Robert did not and could not characterize the Bank's conditions for advancing additional funds for his business as coercive. In these circumstances, where the beneficiary has voluntarily accepted the benefit of the challenged transaction, he will be equitably estopped from seeking a remedy for an alleged breach of a duty of loyalty. *Id.* at 59, 1 A.2d at 358–59 (quoting *Martin v. Maine Cent. R.R.*, 83 Me. 100, 104, 21 A. 740, 741 (1890)). Because the Pearls failed to produce evidence to support their affirmative defense sufficient to withstand a motion for a directed verdict at trial, the court properly granted the Bank's motion for a summary judgment.

The entry is:

Judgment affirmed.

All concurring.