RECEIVED & FILED

FEB 19 2003

ANDROSCOGGIN
SUPERIOR COURT

STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-02-047
CAG-AND-2/19/2003

THOMAS M. MANGAN,
        Plaintiff

v.

ORDER ON DEFENDANT
MATHIS' MOTION FOR SUMMARY JUDGMENT

SAMMUEL M. MATHIS, ESQ.
        and
DAWN M. LAPIERRE,
        Defendants

DONALD L. GARBRECHT
LAW LIBRARY

FEB 26 2003

## PROCEDURAL HISTORY AND BACKGROUND

Dawn LaPierre is the biological daughter of Angela LaPierre and the step-daughter of Robert LaPierre. Two months before her death in April 1995, Angela LaPierre transferred to her daughter income-producing real property in Mechanic Falls. On April 25, 1995, Dawn LaPierre purchased additional real property in Auburn, Maine, but transferred that property to her stepfather, Robert LaPierre, the following day. In May 1995, she assigned her right to the Mechanic Falls real property to her father. At the time of these transactions, Dawn LaPierre was still a minor. Thomas Mangan, who was then licensed to practice law, represented Robert LaPierre.[1]

In June 1997, Attorney Samuel Mathis filed suit on behalf of Dawn LaPierre against her stepfather and Mangan, alleging fraud, conversion and unjust enrichment (AND-RE-97-054). With his Answer, Mangan filed a cross-claim for fraud, defamation, malpractice, and abuse of process against Mathis. In October 1997, Mangan withdrew

---

[1] In 2001, Mangan was disbarred for misconduct. *Board of Overseers of the Bar v. Mangan*, 2001 ME 7, 763 A.2d 1189.

his cross claim and, in February 1998, Justice Delahanty dismissed that cross claim, without prejudice.

In an Order dated March 27, 1998, Justice Delahanty found that the claims against Mangan and Robert LaPierre had been settled, and ordered that the case would be dismissed without prejudice unless documents showing final disposition were filed within thirty days. Attorneys for Dawn and Robert LaPierre filed a Stipulation of Dismissal on April 27, 1998. Although that Stipulation failed to refer to the claim against Mangan, Justice Delahanty's March 27, 1998 Order dismissed any claims against him, effective April 27, 1998.

In a complaint filed March 28, 2002, Mangan, representing himself, resurrected the claims he made against Mathis in the cross-claim mentioned above, and added Dawn LaPierre as a defendant. On August 1, 2002, Mathis filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to M.R. Civ.P. 12(b)(6). In an Order dated October 11, 2002, this court dismissed Counts I and III of plaintiff's complaint against Mathis, and dismissed the claims of fraud and abuse of process raised in Count II. The only remaining claims, therefore, are the claim of "malicious prosecution" contained in Count II of plaintiff's complaint, and the claim of abuse of process contained in Count IV.

On January 10, 2003, Mathis filed a motion for summary judgment, including a Statement of Material Facts containing 13 paragraphs and 17 subparagraphs, and statements[2] from himself and from Attorney Harvey Weiner, both dated January 8, 2003. Mangan responded on January 31, 2003 by filing an "Opposition to Motion," an "Opposition to Material Facts," and two of his own, notarized affidavits. He also filed a motion to dismiss the motion for summary judgment, based upon the flawed

---

[2] Although captioned "affidavits," neither document contains a Jurat.

2

"affidavits." In response, on February 7, 2003, Attorney Weiner filed a photocopy of Mathis's January 8, 2003 statement stapled to a separate piece of paper containing the following language:

> Before me appeared Samuel Mathis to me personally known and stated that the above affidavit is based on personal knowledge unless otherwise stated and to matters stated on information and belief he believes them to be true.

Below that language is an illegible signature of someone identified as "Attorney at Law." No attorney registration number has been included, and it is not clear where this person is authorized to practice law. This paragraph is also not dated.

In addition, Attorney Weiner filed his own affidavit, dated February 6, 2003, containing an appropriate Jurat, and witnessed by a Notary Public. On February 18, 2003, Mangan filed a motion to exclude the documents filed on February 7.

## DISCUSSION

In Count II of his Complaint, Mangan claimed that Mathis lacked probable cause to file LaPierre's original suit against him, alleged that the suit was filed with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings were based, and alleged that the suit was terminated in his favor. In Count IV, he alleged that Mathis had abused legal process by failing to dismiss an attachment. As was previously found, the pleadings were sufficient to withstand dismissal under M.R. Civ. P. 12. That is, the pleadings alleged all of the required elements to allege cognizable claims of wrongful use of civil proceedings and abuse of process.

The issue now before the court is whether Mangan's claims can withstand a summary judgment attack. The standards for decision on motions for summary judgment have been addressed in many cases, including *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 5, 711 A.2d 842, 844. There, the Law Court stated:

3

¶5 In reviewing a summary judgment, we examine the evidence in the light most favorable to the nonprevailing party to determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of law. *See Petillo v. City of Portland,* 657 A.2d 325, 326 (Me. 1995). In testing the propriety of a summary judgment, we accept as true the uncontroverted facts properly appearing in the record. *See Gerber v. Peters,* 584 A.2d 605, 607 (Me. 1990) (citing Field, McKusick & Wroth, *Maine Civil Practice* § 56.4 at 357 (2d ed. Supp. 1981).

In reviewing the defendant's motion, the court must first assure itself that the alleged statements of material fact are supported by the record. Here, the court must disregard all statements that refer to either Mathis's "affidavit," or Weiner's "affidavit" as the record citation. Neither "affidavit," as originally filed, was in a form that could be considered by the court. Mangan's motion correctly noted that there is no basis for allowing the defendant to correct such an error. In addition, even if the affidavits filed on February 7, 2003 were accepted, the Mathis affidavit is still completely unacceptable. First, M.R. Civ. P. 56(e) allows only those affidavits that are made on personal knowledge.[3] Mathis's "affidavit" contains numerous statements with information he attributes to others. Second, a photocopied document, stapled to an insufficient Jurat, is legally insufficient for any purpose.

That leaves only paragraphs 10 and 11 of the statement of material facts with citations to the record. Because Mangan did not deny the facts asserted in either paragraph 10 or paragraph 11, those paragraphs, have been admitted. It has now been established, therefore, that the attachment in question expired by operation of law on September 2, 1998, and that property at 8 Dion Street was sold on March 21, 2002. Those matters will not have to be established at trial. However, this information is

---

[3] The affidavits filed by Mangan are, for the same reason, legally insufficient for summary judgment practice.

insufficient to provide the court with a basis for determining that Mathis is entitled to summary judgment on either of the remaining claims.

## ORDER

For the reasons stated above, defendant Mathis's motion for summary judgment is denied.

The clerk is directed to incorporate this order by reference in the docket for this case.

Dated: *February 19, 2003*

_____
Ellen A. Gorman

Thomas M. Mangan    ---  Pro Se

Dawn M. Lapierre    ---  Matthew S. Keegan, Esq.

Samuel M. Mathis    ---  John J. O'Connor, Esq.  } Boston
                         Harvey Weiner, Esq.

RECEIVED & FILED

FEB 19 2003

ANDROSCOGGIN
SUPERIOR COURT

STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-02-047
EAG-AND- 2/19/2003

THOMAS M. MANGAN,
Plaintiff

**ORDER ON DEFENDANT
LAPIERRE'S MOTION FOR SUMMARY JUDGMENT**

v.

SAMMUEL M. MATHIS, ESQ.
and
DAWN M. LAPIERRE,
Defendants

DONALD L. GARBRECHT
LAW LIBRARY

FEB 26 2003

## PROCEDURAL HISTORY AND BACKGROUND

Dawn LaPierre is the biological daughter of Angela LaPierre and the step-daughter of Robert LaPierre. Two months before her death in April 1995, Angela LaPierre transferred to her daughter income-producing real property in Mechanic Falls. On April 25, 1995, Dawn LaPierre purchased additional real property in Auburn, Maine, but transferred that property to her father, Robert LaPierre, the following day. In May 1995, she assigned her right to the Mechanic Falls real property to her stepfather. At the time of these transactions, Dawn LaPierre was still a minor. Thomas Mangan, who was then licensed to practice law, represented Robert LaPierre.[1]

In June 1997, Attorney Samuel Mathis filed suit on behalf of Dawn LaPierre against her stepfather and Mangan, alleging fraud, conversion and unjust enrichment (AND-RE-97-054). With his Answer, Mangan filed a cross-claim for fraud, defamation, malpractice, and abuse of process against Mathis. In October 1997, Mangan withdrew his cross claim and, in February 1998, Justice Delahanty dismissed that cross claim, without prejudice.

---

[1] In 2001, Mangan was disbarred for misconduct. *Board of Overseers of the Bar v. Mangan*, 2001 ME 7, 763 A.2d 1189.

In an Order dated March 27, 1998, Justice Delahanty found that the claims against Mangan and Robert LaPierre had been settled, and ordered that the case would be dismissed without prejudice unless documents showing final disposition were filed within thirty days. Attorneys for Dawn and Robert LaPierre filed a Stipulation of Dismissal on April 27, 1998. Although that Stipulation failed to refer to the claim against Mangan, Justice Delahanty's March 27, 1998 Order dismissed any claims against him, effective April 27, 1998.

In a complaint filed March 28, 2002, Mangan, representing himself, resurrected the claims he made against Mathis in the cross-claim mentioned above, and added Dawn LaPierre as a defendant. On December 16, 2002, LaPierre filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to M.R. Civ.P. 12(b)(6). In an Order dated February 12, 2002, this court dismissed Counts I, III, and IV of plaintiff's complaint against LaPierre, and dismissed the claims of fraud and abuse of process raised in Count II. The only remaining claim, therefore, is the claim of malicious prosecution contained in Count II of plaintiff's complaint.

On January 10, 2003, LaPierre filed a motion for summary judgment, including a Statement of Material Facts containing 101 paragraphs. Mangan responded on January 31, 2003 by filing one document entitled "Stated Opposition," and another "Response." LaPierre filed a timely reply memorandum to Mangan's opposition on February 7, 2003, along with one alleged uncontested fact, i.e., that Mangan had been sent the Request for Admission. Because Mangan admitted that he received the Request for Admission on November 12, 2002, that issue is not contested. Mangan's motion to exclude the reply memorandum is denied; reply pleadings are allowed under M.R. Civ. P. 7.

2

# DISCUSSION

In Count II of his Complaint, Mangan claimed that LaPierre lacked probable cause to file her original suit against him, alleged that the suit was filed with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings were based, and alleged that the suit was terminated in his favor. As was previously found, the pleading was sufficient to withstand dismissal under M.R. Civ. P. 12. That is, the pleading alleged all of the required elements to allege a cognizable claim:

> The tort of wrongful use of civil proceedings exists where (1) one initiates, continues, or procures civil proceedings without probable cause, (2) with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based, and (3) the proceedings have terminated in favor of the person against whom they were brought.

*Pepperell Trust v. Mountain Heir Fin. Corp.*, 1998 ME 46, ¶¶ 14-16, 708 A.2d 651, 656.

The issue now before the court is whether Mangan's claim for wrongful use of civil proceedings can withstand a summary judgment attack. The standards for decision on motions for summary judgment have been addressed in many cases, including *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶¶ 5 & 9, 711 A.2d 842, 844-45. There, the Law Court stated:

> ¶ 5    In reviewing a summary judgment, we examine the evidence in the light most favorable to the nonprevailing party to determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of law. *See Petillo v. City of Portland*, 657 A.2d 325, 326 (Me. 1995). In testing the propriety of a summary judgment, we accept as true the uncontroverted facts properly appearing in the record. *See Gerber v. Peters*,

3

584 A.2d 605, 607 (Me. 1990) (citing Field, McKusick & Wroth, *Maine Civil Practice* § 56.4 at 357 (2d ed. Supp. 1981).

.....

¶ 9 Where a plaintiff will have the burden of proof on an essential issue at trial, and it is clear that the defendant would be entitled to a judgment as a matter of law at trial if the plaintiff presented nothing more than was before the court at the hearing on the motion for a summary judgment, the court may properly grant a defendant's motion for a summary judgment. *See Town of Lisbon v. Thayer Corp.,* 675 A.2d 514, 517 (Me. 1996); *Gerber,* 584 A.2d at 607; *see also* M.R. Civ. P. 50(a). To avoid a judgment as a matter of law for a defendant, a plaintiff must establish a *prima facie* case for each element of her cause of action. *See Fleming v. Gardner,* 658 A.2d 1074, 1076 (Me. 1995). A judgment as a matter of law in a defendant's favor is proper when any jury verdict for the plaintiff would be based on conjecture or speculation. *See id.; Barnes v. Zappia, 658 A.2d 1086, 1089 (Me. 1995).*

Initially, the court is compelled to find that Mangan's opposition to many of the assertions contained in LaPierre's statement of material facts is both untimely and unacceptable. Although he filed a timely response to *this* motion, Mangan failed to file a timely response to LaPierre's Request for Admissions. Pursuant to M.R. Civ. P. 36, the matters contained in that Request were all admitted when Mangan failed to serve a written answer or objection within thirty (30) days after service.

LaPierre's Request to Admit was filed with the court on November 12, 2002. Mangan's response was filed with the court on December 18, 2002. Thirty days from the date of service was December 12, 2002, a Thursday. Even applying the 3-day mail "grace period" allowed by M.R. Civ. P. 6(c), and allowing for Sunday, Mangan's response was due by December 16, 2002, a Monday.[2] By failing to file a timely objection, Mangan admitted that he never asked LaPierre to discharge the attachment, and never asked her to provide a certificate of discharge. He also admitted that

4

LaPierre had probable cause to make the allegations contained in her June 10, 1997 complaint against him, and that he suffered no harm to his reputation as a result of her Complaint or the resulting Attachment.

An issue is "genuine" and can survive summary judgment if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party. *See Kenny v. Dep't of Human Servs.*, 1999 ME 158, ¶ 3, 740 A.2d 560, 562; *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 171-72 (issue is "genuine" when facts require a choice between the parties' differing versions of the truth); *Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 253 (1st Cir. 1996).* With the uncontested admissions mentioned above, Mangan provided LaPierre with all of the undisputed facts she needed to establish summary judgment.

However, even if Mangan's failure to object to the request for admissions is excluded or ignored, LaPierre is still entitled to judgment on the remaining claim against her, because Mangan has failed to properly controvert her Statement of Material Facts. Opposing statements of fact must "admit, deny or qualify" facts by reference to each numbered paragraph of the other party's statement. In addition, a denial or qualification must be supported by a record citation. Unsupported denials do not satisfy the admissibility standard of Rule 56(e). In his response to LaPierre's Statement of Material Facts, Mangan did not once refer to a portion of the record that might support his denials or qualifications.

Once LaPierre presented materials in her statement of material facts indicating that no genuine issue of material fact existed, the burden shifted to Mangan to point to specific facts demonstrating that a disputed fact for trial does exist. *See Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir. 1995); *Champagne v. Mid-*

---

[2] Although both Rule 6 and Rule 36 permit the court to grant extensions of time, Mangan made no request

5

*Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845. As the party with the burden of proof on the remaining claim against LaPierre, Mangan's obligation to come forward with appropriate evidence of a disputed fact through a proper statement of material facts was particularly important. *See Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Winship Green Nursing Ctr.*, 103 F.3d 196, 200 (1st Cir. 1996); *Champagne,* 1998 ME 87, ¶ 9, 711 A.2d at 845. His failure to do so leaves the court no option but to grant summary judgment to LaPierre.

Mangan also filed another document on February 18, 2003, entitled "Memorandum of Law in Opposition" to LaPierre's motion. That document has not been considered by the court, as it does not fall within any of the pleadings allowed by M.R. Civ. P. 7.

## ORDER

For the reasons stated above, defendant LaPierre's motion for summary judgment is granted.

The clerk is directed to incorporate this order by reference in the docket for this case.

Dated: February 19, 2003

_____
Ellen A. Gorman

---

for an extension. In addition, the 3-day grace period is available once, not twice, as asserted by Mangan.