MAY 1 0 2004

STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-03-016
EAG - OXF - 5/10/2004

NOREEN E. STROUT,
      Plaintiff

**ORDER ON MOTION
FOR SUMMARY JUDGMENT**

v.

OXFORD COUNTY SHERIFF'S OFFICE,
LLOYD "SKIP" HERRICK, SHERRIFF,
JAMES A. DAVIS, CHIEF DEPUTY,
      Defendants

DONALD L. GARBRECHT
LAW LIBRARY

MAY 21 2004

## PROCEDURAL HISTORY

On June 13, 2003, Noreen Strout filed a single-count complaint against the Oxford County Sheriff's Office, Sheriff Lloyd Herrick, and Chief Deputy James Davis. In her complaint, Ms. Strout alleged that the defendants had failed to release public information as required by Maine's Freedom of Access Law, 1 M.R.S.A. § 408. Ms. Strout mailed copies of the complaint to Davis and Herrick. A person whose name appears to be Hazel Paakkonon signed for those copies on June 17, 2003. Ms. Strout stapled the two green certified mail cards signed by Ms. Paakkonon to a summons form on which she wrote that she had served all three of the defendants, and filed that document with the Oxford County Superior Court on June 18, 2003.

On July 18, 2003, Ms. Strout filed an affidavit and request for default against all three defendants, asserting that service had been completed on June 17, 2003, and that none of the defendants had filed an answer. Although there was no indication of service on the county, the clerk entered default against all three defendants on July 18,

2003. On July 21, 2003, Ms. Strout filed a request that a one-hour hearing on her complaint be scheduled.

On August 6, 2003, defendants filed a motion to set aside default and/or dismiss for improper service. In their motion, defendants Herrick and Davis stated that each of them had received unsigned and undated copies of the plaintiff's complaint. Neither had received a summons, and neither received a notice and acknowledgment form. They also asserted that the complaint Ms. Strout had filed with the court was unsigned. The court file includes a complaint filed by Ms. Strout on June 13, which contains a signature in red ink, purportedly made on June 13, 2003. The file also contains a nearly identical complaint, with a hand-written notation of "corrected complaint," which was filed June 18, 2003, but was not signed until September 11, 2003.

The court (Gorman, J.) denied the defendants' motion to dismiss but, over the plaintiff's objection, granted their motion to lift default. The court allowed Ms. Strout thirty (30) days to complete service on the defendants. On September 11, 2003, Attorney Michael Schmidt accepted service on behalf of the defendants. The defendants filed an answer denying the plaintiff's claim on September 22, 2003.

The court (Delahanty, J.) issued a scheduling order on September 22, 2003. On October 17, 2003, Ms. Strout filed a motion to waive the required alternative dispute resolution conference, asserting that there was no chance of resolving the dispute. On October 31, 2003, the defendants filed a concurrence with Ms. Strout's motion, although not for the reasons she cited. The motion was granted on November 10, 2003. (Gorman, J.)

On December 1, 2003, Ms. Strout filed an unsigned motion to amend complaint and a document entitled "Amended Complaint." That document included claims that

2

the defendants had breached a fiduciary duty, had wrongfully imprisoned her, had trespassed on her land, had tortiously interfered with an insurance claim, had inflicted emotional distress, and had conspired to kidnap someone. All of the events giving rise to these assertions, except the conspiracy to kidnap, appear to have occurred between January 2002 and July 2002. Accompanying the amended complaint are what appear to be a typed letter from Ms. Strout to the South Paris Police Department dated November 30, 2003, a copy of a typed statement by Charles Hurd, and a copy of a typed statement by Grace Hurd. Those three documents refer to a contact between the plaintiff, Oxford County Deputy Sheriffs, and the South Paris District Court on November 25, 2003.

On December 16, 2003, defendants filed an objection to Ms. Strout's motion to amend. On December 22, 2003, Ms. Strout filed her response to that objection. After review, the court denied her motion to amend.

On January 27, 2004, Ms. Strout filed a motion for recusal and a motion for reconsideration. Those motions were denied in an order dated February 17, 2004.

On February 13, 2004, defendants filed a motion for summary judgment that included a Statement of Material Facts. Although Ms. Strout responded to the motion, she failed to admit, deny, or qualify any of the statements of fact asserted by the defendants. Because motion practice can be a trap for the unwary, and in an effort to provide Ms. Strout an opportunity to present testimonial evidence[1], the court scheduled a hearing on April 30, 2004. Although the parties appeared, Ms. Strout stated that she was not willing to participate in the hearing. Counsel for the defendants reiterated that

---

[1] As was mentioned above, on July 21, 2003, Ms. Strout had requested a one-hour hearing on her complaint.

Ms. Strout had failed to properly respond to their motion, and the court took the motion under advisement.

## DISCUSSION

The standards for deciding motions for summary judgment have been addressed in many cases, including *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 5, 711 A.2d 842, 844. There, the Law Court stated:

> In reviewing a summary judgment, we examine the evidence in the light most favorable to the nonprevailing party to determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of law. *See Petillo v. City of Portland*, 657 A.2d 325, 326 (Me. 1995). In testing the propriety of a summary judgment, we accept as true the uncontroverted facts properly appearing in the record. *See Gerber v. Peters*, 584 A.2d 605, 607 (Me. 1990) (citing Field, McKusick & Wroth, *Maine Civil Practice* § 56.4 at 357 (2d ed. Supp. 1981).

A contested fact is "material" if it could change the outcome of the case. *See Steinke v. Sungard Fin. Sys., Inc.*, 121 F.3d 763, 768 (1st Cir. 1997); *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575.

The defendants are entitled to judgment on the claims against them, because Ms. Strout has failed to properly controvert their Statement of Material Facts. Opposing statements of fact must "admit, deny or qualify" facts by reference to each numbered paragraph of the other party's statement. In addition, a denial or qualification must be supported by a record citation. Unsupported denials do not satisfy the admissibility standard of Rule 56(e).

Once the defendants presented materials in their statement of material facts indicating that no genuine issue of material fact existed, the burden shifted to Ms. Strout to point to specific facts demonstrating that a disputed fact for trial does exist. *See Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir. 1995); *Champagne*

4

*v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845. As the party with the burden of proof, her obligation to come forward with appropriate evidence of a disputed fact through a proper statement of material facts was particularly important. *See, Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Winship Green Nursing Ctr.*, 103 F.3d 196, 200 (1st Cir. 1996); *Champagne*, 1998 ME 87, ¶ 9, 711 A.2d at 845. Her failure to do so leaves the court no option but to grant summary judgment to the defendants.

ORDER

For the reasons stated above, the defendants' motion for summary judgment is granted. Judgment is granted to the defendants on the plaintiff's complaint.

The clerk is directed to incorporate this order by reference in the docket for this case.

Dated: *May 6, 2004*

Ellen A. Gorman
Justice, Maine Superior Court

OXFORD COUNTY SUPERIOR COURT
A TRUE ATTEST COPY

*Donna L. Howe,*

CLERK OF COURTS

NOREEN ·E STROUT  - PLAINTIFF
PO BOX 476
WEST PARIS ME 04289

vs

OXFORD COUNTY SHERIFF'S OFFICE - DEFENDANT
PO BOX 179
SOUTH PARIS ME 04281
Attorney for: OXFORD COUNTY SHERIFF'S OFFICE
MICHAEL J SCHMIDT
WHEELER & AREY PA
PO BOX 376
27 TEMPLE ST
WATERVILLE ME 04903-0376


SHERIFF LLOYD "SKIP HERRICK  - DEFENDANT
PO BOX 179
SOUTH PARIS ME 04281
Attorney for: SHERIFF LLOYD "SKIP HERRICK
MICHAEL J SCHMIDT
WHEELER & AREY PA
PO BOX 376
27 TEMPLE ST
WATERVILLE ME 04903-0376


CHIEF DEPUTY JAMES DAVIS  - DEFENDANT
PO BOX 179
SOUTH PARIS ME 04281
Attorney for: CHIEF DEPUTY JAMES DAVIS
MICHAEL J SCHMIDT
WHEELER & AREY PA
PO BOX 376
27 TEMPLE ST
WATERVILLE ME 04903-0376

SUPERIOR COURT
OXFORD, ss.
Docket No  SOPSC-CV-2003-00042

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: FREEDOM OF ACCESS
Filing Date: 06/13/2003

## Docket Events:

06/17/2003 FILING DOCUMENT - COMPLAINT FILED ON 06/13/2003

06/17/2003 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 06/13/2003

06/19/2003 Party(s):  OXFORD COUNTY SHERIFF'S OFFICE,SHERIFF LLOYD "SKIP HERRICK,CHIEF DEPUTY JAMES DAVIS
          SUMMONS/SERVICE - CERTIFIED MAIL RETURN RECEIPT FILED ON 06/18/2003
          ON 6/16/03, OXFORD COUNTY SHERIFF'S OFFICE, LLOYD HERRICK AND JAMES DAVIS  WAS SERVED AT
          PO BOX 179, SOUTH PARIS ME 04281 BY CERIFIED MAIL - RRR

07/22/2003 Party(s):  OXFORD COUNTY SHERIFF'S OFFICE,SHERIFF LLOYD "SKIP HERRICK,CHIEF DEPUTY JAMES DAVIS
          ORDER - DEFAULT ENTERED ON 07/18/2003
          DONNA  HOWE , CLERK I
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL

08/06/2003 Party(s):  OXFORD COUNTY SHERIFF'S OFFICE,SHERIFF LLOYD "SKIP HERRICK,CHIEF DEPUTY JAMES DAVIS

MOTION - MOTION SET ASIDE DEFAULT JUDG FILED ON 08/06/2003
WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

08/12/2003 OTHER FILING - OTHER DOCUMENT FILED ON 08/11/2003
NOTICE OF TIME WITHIN WHICH TO FILE OPPOSING PAPERS TO MOTION FILED BY DEF

08/13/2003 Party(s): NOREEN E STROUT
OTHER FILING - OPPOSING MEMORANDUM FILED ON 08/13/2003
OPPOSITION TO MOTION TO DISMISS

09/02/2003 Party(s): OXFORD COUNTY SHERIFF'S OFFICE,SHERIFF LLOYD "SKIP HERRICK,CHIEF DEPUTY JAMES DAVIS
MOTION - MOTION SET ASIDE DEFAULT JUDG GRANTED ON 09/02/2003
ELLEN A GORMAN , JUSTICE
COPIES TO PARTIES/COUNSEL

09/02/2003 Party(s): OXFORD COUNTY SHERIFF'S OFFICE
ATTORNEY - RETAINED ENTERED ON 08/06/2003
Defendant's Attorney: MICHAEL J SCHMIDT

Party(s): SHERIFF LLOYD "SKIP HERRICK
ATTORNEY - RETAINED ENTERED ON 08/06/2003
Defendant's Attorney: MICHAEL J SCHMIDT

Party(s): CHIEF DEPUTY JAMES DAVIS
ATTORNEY - RETAINED ENTERED ON 08/06/2003
Defendant's Attorney: MICHAEL J SCHMIDT

09/11/2003 Party(s): OXFORD COUNTY SHERIFF'S OFFICE,SHERIFF LLOYD "SKIP HERRICK,CHIEF DEPUTY JAMES DAVIS
SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 09/11/2003
ON 9/11/03, OXFORD COUNTY SHERIFF'S OFFICE, LLOYD HERRICK AND JAMES DAVIS WAS SERVED AT
27 TEMPLE ST., WATERVILLE ME 04901 TO MICHAEL J. SCHMIDT, ESQ, WHO IS AUTHORIZED TO
RECEIVE SERVICE FOR DEFENDANT.

09/23/2003 Party(s): OXFORD COUNTY SHERIFF'S OFFICE,SHERIFF LLOYD "SKIP HERRICK,CHIEF DEPUTY JAMES DAVIS
RESPONSIVE PLEADING - ANSWER FILED ON 09/22/2003

09/23/2003 ORDER - SCHEDULING ORDER ENTERED ON 09/23/2003
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL                                                    DISCOVERY DEADLINE IS
5/22/04

10/23/2003 Party(s): NOREEN E STROUT
MOTION - MOTION TO WAIVE ADR FILED ON 10/17/2003

11/04/2003 Party(s): OXFORD COUNTY SHERIFF'S OFFICE,SHERIFF LLOYD "SKIP HERRICK,CHIEF DEPUTY JAMES DAVIS
RESPONSIVE PLEADING - RESPONSE FILED ON 10/31/2003
DEF.'S CONCURRENT WITH PLFF.'S MOTION TO WAIVE ADR FILED

11/10/2003 Party(s): NOREEN E STROUT
MOTION - MOTION TO WAIVE ADR GRANTED ON 11/10/2003
PAUL A FRITZSCHE , JUSTICE
COPIES TO PARTIES/COUNSEL

12/02/2003 Party(s): NOREEN E STROUT
MOTION - OTHER MOTION FILED ON 12/01/2003
PLAINTIFF'S MOTION TO AMEND COMPLAINT

12/02/2003 Party(s): NOREEN E STROUT
SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 12/01/2003

12/17/2003 Party(s): OXFORD COUNTY SHERIFF'S OFFICE,SHERIFF LLOYD "SKIP HERRICK,CHIEF DEPUTY JAMES DAVIS
OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/16/2003
DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

12/22/2003 Party(s): NOREEN E STROUT
RESPONSIVE PLEADING - RESPONSE FILED ON 12/22/2003
PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO PLFF'S MOTION TO AMEND    COMPLAINT

01/20/2004 Party(s): NOREEN E STROUT
MOTION - OTHER MOTION DENIED ON 01/20/2004
ELLEN A GORMAN , JUSTICE
PLAINTIFF'S MOTION TO AMEND COMPLAINT                           DENIED BECAUSE
THE PROPOSED AMENDEMENT WOULD BE FUTILE AS A MATTER OF LAW.

01/29/2004 Party(s): NOREEN E STROUT
MOTION - MOTION TO RECUSE FILED ON 01/27/2004

02/17/2004 Party(s): OXFORD COUNTY SHERIFF'S OFFICE,SHERIFF LLOYD "SKIP HERRICK,CHIEF DEPUTY JAMES DAVIS
MOTION - MOTION SUMMARY JUDGMENT FILED ON 02/13/2004
WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING          STATEMENT OF
MATERIAL FACTS

02/17/2004 Party(s): NOREEN E STROUT
RESPONSIVE PLEADING - RESPONSE FILED ON 02/17/2004
TO MOTION FOR S/J BY DEF.

02/18/2004 Party(s): NOREEN E STROUT
MOTION - MOTION TO RECUSE DENIED ON 02/18/2004
ELLEN A GORMAN , JUSTICE
COPIES TO PARTIES/COUNSEL

02/23/2004 Party(s): OXFORD COUNTY SHERIFF'S OFFICE,SHERIFF LLOYD "SKIP HERRICK,CHIEF DEPUTY JAMES DAVIS
OTHER FILING - WITNESS LIST FILED ON 02/20/2004

02/23/2004 Party(s): OXFORD COUNTY SHERIFF'S OFFICE,SHERIFF LLOYD "SKIP HERRICK,CHIEF DEPUTY JAMES DAVIS
OTHER FILING - EXHIBIT LIST FILED ON 02/20/2004

02/23/2004 Party(s): OXFORD COUNTY SHERIFF'S OFFICE,SHERIFF LLOYD "SKIP HERRICK,CHIEF DEPUTY JAMES DAVIS
RESPONSIVE PLEADING - RESPONSE FILED ON 02/20/2004
DEF.'S REPLY TO PLFF.'S OBJECTION TO DEFS.' MOTION FOR S/J

02/23/2004 NOTE - OTHER CASE NOTE ENTERED ON 02/20/2004
ORIGINAL FILE MAILED TO JUSTICE GORMAN FOR REVIEW OF FILE AND CORRESPONDENCE FROM MICHAEL
SCHMIDT, ESQ.

03/29/2004 NOTE - OTHER CASE NOTE ENTERED ON 03/29/2004

FILE MAILED TO JUSTICE GORMAN TO REVIEW PLEADINGS ON DEFS.' MOTION       FOR S/J, DEF.'S
OPPOSITION AND PLFFS.' REPLY BRIEF.

04/30/2004  TRIAL - BENCH SCHEDULED FOR 04/30/2004
            ELLEN A GORMAN , JUSTICE
            Defendant's Attorney: MICHAEL J SCHMIDT
            Reporter: PENNY PHILBRICK-CARVER
            Defendant Present in Court

            PRO SE PLFF. CHOOSES NOT TO SUMBIT EVIDENCE OR TESTIMONY.  DEF. RESTS      ON ITS FILINGS.
             PLFF. ARGUES.  CASE TAKEN UNDER ADVISEMENT.

05/10/2004  Party(s):  OXFORD COUNTY SHERIFF'S OFFICE,SHERIFF LLOYD "SKIP HERRICK,CHIEF DEPUTY JAMES DAVIS
            MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 05/10/2004
            ELLEN A GORMAN , JUSTICE
            COPIES TO PARTIES/COUNSEL


A TRUE COPY
ATTEST:     _____
                        Clerk