STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-06-107

GAB -YOR- 2/5/2007

JEFF M. GRAVES,

Plaintiff

v.                                                    ORDER

JONATHAN L. WEBBER,
TINA L. WEBBER and
JOSEPH G. CARLETON, JR.,

DONALD L. GARBRECHT
LAW LIBRARY

Defendants

MAY 15 2007

This matter comes before the Court on Defendant Carleton's Motion to Dismiss per M.R. Civ. P. 12(b)(6). Following hearing, it is Granted in part and Denied in part.

**FACTUAL BACKGROUND**

Plaintiff Jeff Graves ("Graves") owns a residence located at 37 Whispering Pine Circle in Wells, Maine. Defendants Jonathan and Tina Webber ("the Webbers") own land abutting Graves' property. Defendant Joseph Carleton ("Carleton") is a Maine attorney practicing law in Wells.

The prior owners of the Webbers' property had an agreement with Graves that they could retain their garage, even though it was partially located over the boundary line of Graves' property. When they transferred their property to the Webbers in 2004, Carleton prepared the deed. Graves alleges that the boundaries set forth in the deed exceed the real legal boundaries of the property, and that Carleton was aware of this

problem when he drafted the deed.[1] Additionally, Graves contends that the Webbers claim to have acquired some of his land and have entered his property to remove stakes, fencing, and other markers of his without his permission.

In August 2006, Graves filed a four-count complaint alleging trespass and seeking a declaratory judgment against the Webbers to quiet title, and alleging slander of title and negligence against both the Webbers and Carleton. The Webbers deny the allegations and raise several affirmative defenses. Carleton has moved to dismiss the two counts against him for failure to state a claim upon which relief can be granted.

## DISCUSSION

### 1. Standard of Review.

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. The Court should dismiss a claim only "when it appears 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that [it] might prove in support of [its] claim.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (quoting *Hall v. Bd. of Envtl. Protection*, 498 A.2d 260, 266 (Me. 1985)).

### 2. Slander of Title.

To prevail on a claim for slander of title, a plaintiff must prove that "(1) there was a publication of a slanderous statement disparaging [the] claimant's title; (2) the statement was false; (3) the statement was made with malice or made with reckless disregard of its falsity; and (4) the statement caused actual or special damages." *Colquhoun v. Webber*, 684 A.2d 405, 409 (Me. 1996). An action for slander of title is intended to protect a plaintiff from the use of language that could call his or her legal title into question. *Id.* A lawyer may be liable to someone other than his or her client

---

[1]    Graves claims that Carleton contacted him to seek his approval for the description of his property as it related to the Webbers. He refused to approve Carleton's description.

for intentional acts if a non-lawyer could face liability in a comparable situation. *Restatement (Third) of the Law Governing Lawyers* § 56 (2000).

In this case, accepting the facts alleged by Graves as true, the deed Carleton drafted contained statements that may be viewed as questioning the validity of Graves' title to the disputed portion of the property. If the statements in the deed were made knowing they were inaccurate and despite Graves' opposition, they may have been made with malice or reckless disregard. Graves also claims that statements about the Webbers' alleged interest in his property caused him damages, including reduced property values and legal fees. Accordingly, Carleton's motion to dismiss this count is denied because Graves has alleged the minimum required to state a cause of action for slander of title.

### 3. Negligence.

"In an action alleging professional negligence, the plaintiff must establish that the defendant had a duty to the plaintiff to conform to a certain standard of conduct and that a breach of that duty proximately caused injury to the plaintiff." *Fisherman's Wharf Assocs. II v. Verrill & Dana*, 645 A.2d 1133, 1136 (Me. 1994). The standard of care in such a case is measured by the "degree of skill, care, and diligence" exercised by others in that particular professional community. *Id.* Graves' complaint alleges that Carleton's actions were unreasonable and that they caused him damages, including reduced property value and legal expenses.

Graves was not a party to the underlying real estate transaction. Even assuming, for purposes of resolving this motion, that Carleton's actions caused Graves damages, the other two essential elements of a professional negligence cause of action are problematic, namely: that Carleton, as attorney for the Webbers, owed Graves a duty of care, and that he breached that duty. An attorney has a duty of care to a person who is

3

not his client only in limited situations. *See Restatement (Third) of the Law Governing Lawyers* § 51 (2000). Such a duty may arise with a "prospective client," or a non-client whom the lawyer intends to benefit, to whom the lawyer may owe a fiduciary duty, or who may justifiably rely on the lawyer's advice in certain situations. *Id.* Legal scholars have found the "intent to benefit" test persuasive, explaining that "a lawyer owes no duty of care to a person, who was not intended to be the beneficiary of the transaction." Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* vol. 4, § 31.4, 714-717 (West 2006 ed.).

Courts have been reluctant to extend an attorney's duty of care to persons other than his or her client.[2] For example, the New Hampshire Supreme Court has stated that "'for a nonclient to succeed in a negligence action against an attorney, he must prove that the primary purpose and intent of the attorney-client relationship itself was to benefit or influence the third party.'" *MacMillan v. Scheffy*, 787 A.2d 867, 869 (N.H. 2001) (citations omitted).

Also, the Law Court has held that beneficiaries could not sue an estate-planning attorney whom they did not retain because he owed them no duty of care. *Nevin v. Union Trust Co.*, 1999 ME 47, ¶ 41, 726 A.2d 694, 701. The Court discussed the policy concerns behind its reluctance to expand the duty of care, including the potential for conflicts of interest if an attorney owed a duty to persons mentioned in documents who are not his clients. *Id.* Recognizing a duty to all individuals named in an instrument, such as the beneficiaries, would hamper counsel's ability to prepare the documents, as

---

[2] For instance, the Law Court held that a lawyer appointed as guardian ad litem for a minor child in a divorce action owed no duty to the child's parents in that capacity, so he could not be liable to the father in a subsequent legal malpractice action. *Gerber v. Peters*, 584 A.2d 605, 607 (Me. 1990).

the various parties might have adverse interests and the attorneys may be wary of liability to parties other than the client.[3] *Id.*

A similar problem occurs in the instant case. Graves is not a party to the deed; his property is simply referenced in the chain of title in the legal description. Like the attorney in *Nevin*, who owed a duty to his client but not to the other beneficiaries, Carleton owed no duty to Graves when he prepared the deed. Nothing in the complaint suggests that Carleton intended to benefit Graves, owed him a fiduciary duty, or induced Graves to rely on him. Carleton's sole responsibility was to his clients, the Webbers.[4] If Carleton owed no duty of care, he did not breach a duty. As a motion to dismiss assesses the legal sufficiency of the complaint, and the complaint here contains insufficient allegations regarding two elements of negligence, Carleton's motion to dismiss this count should be granted.

The entry will be as follows:

> Mr. Carleton's Motion to Dismiss is Denied with respect to Count II and Granted with respect to Count IV.

Dated:  February 5, 2007

Robert M. A. Nadeau, Esq. - PL
Frances C. Lindemann, Esq. - PL
James M. Bowie, Esq. - DEF.
        (JOSEPH CARLETON, JR.)
Susan B. Driscoll, Esq. - DEFS. JONATHAN & TINA WEBBER)

G. Arthur Brennan
Justice, Superior Court

---

[3]    The Restatement indicates that when determining whether a lawyer should be liable to a non-client, a court must "consider how a ruling that affirms or precludes liability would affect the vigorous representation of clients." *Restatement (Third) of the Law Governing Lawyers* § 56 cmt. b.

[4]    Although litigation had not yet commenced, the relationship between Graves and the Webbers may be characterized as adversarial due to disagreement about the description. The Law Court has held that "an attorney owes no duty to his client's adversary." *Barnes v. McGough*, 623 A.2d 144, 146 (Me. 1993); *see also Restatement (Third) of the Law Governing Lawyers* § 51 cmt. c.